PITTA & DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 652-3890
BRUCE COOPER (BC 2764)
JANE LAUER BARKER (JB 5436)
*Attorneys for Defendant Local 272 Welfare Fund*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

150 STREET CORP.,

    Plaintiff,

- against -

LOCAL 272 WELFARE FUND,

    Defendant.

08 CV 1540 (GBD) (KNF)

ANSWER

---

Defendant, LOCAL 272 WELFARE FUND (the "Fund"), by its attorneys, Pitta & Dreier LLP, as and for its answer to the complaint, alleges as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the complaint.

2. Admits the allegations contained in paragraph 2 of the complaint.

3. Denies the allegations contained in paragraph 3 of the complaint, except admits that the Fund provides, inter alia, medical benefits to eligible employees of employers who have agreed, pursuant to collective bargaining agreements with Teamsters Local 272, to contribute to the Fund and, in further answer, states that, pursuant to Fund documents, receives claims for medical benefits from and on behalf of participants or beneficiaries of the Fund and renders determinations regarding benefits due under the terms of the Fund's plan documents.

{00331674.DOC;}

4. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 of the complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the complaint.

7. Repeats and realleges each and every answer contained in paragraphs 1 through 6 hereinabove as if fully set forth herein.

8. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 of the complaint.

9. Denies the allegations in paragraph 9 of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 of the complaint.

11. Denies the allegations in paragraph 11 of the complaint.

12. Denies the allegations in paragraph 12 of the complaint.

13. Repeats and realleges each and every answer contained in paragraphs 1 through 12 hereinabove as if fully set forth herein.

14. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the complaint.

15. Denies the allegations in paragraph 15 of the complaint.

16. Denies the allegations in paragraph 16 of the complaint.

17. Denies the allegations in paragraph 17 of the complaint.

18. Repeats and realleges each and every answer contained in paragraphs 1 through 12 hereinabove as if fully set forth herein.

19. Denies the allegations in paragraph 19 of the complaint.

20. Denies the allegations in paragraph 20 of the complaint.

21. Denies the allegations in paragraph 21 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22. The complaint is preempted by federal law, namely, the Employee Retirement Income Security Act of 1975, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA") and the court lacks subject matter jurisdiction over the claims, in whole or in part, as alleged in the complaint.

### AS AND FOR SECOND AFFIRMATIVE DEFENSE

23. The complaint fails to state a claim upon which relief may be granted.

### AS AND FOR THIRD AFFIRMATIVE DEFENSE

24. The claims are time-barred because plaintiff failed to submit the alleged claims within the time provided in the Fund's plan documents.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

25. Plaintiff failed to exhaust the Fund's internal appeal procedures.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

26. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, estoppel, and/or unclean hands.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

27. Plaintiff is not authorized or permitted by state law to provide or to be reimbursed for any of the alleged services rendered.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

28.     Some or all of the alleged services rendered were not medically necessary.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

29.     Some or all of the alleged services rendered are not covered by the Fund's plan.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

30.     The amounts claimed by plaintiff for the alleged services rendered are in excess of the amount allowed by the Fund's plan and/or are unreasonable and/or unconscionable.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

31.     Plaintiff lacks standing to alleged some or all of the claims of the complaint.

WHEREFORE, defendant demands that the complaint be dismissed in its entirety with costs to defendant, including reasonable attorney's fees, and for such other and further relief as the Court deems just and proper.

Dated: February 25, 2008
       New York, New York

                                          Respectfully submitted,

                                          PITTA & DREIER LLP
                                          *Attorneys for Defendant Local 272 Welfare Fund*

                                          By: _____
                                              Jane Lauer Barker (JB 5436)
                                          499 Park Avenue
                                          New York, New York 10022
                                          (212) 652-3890

{00329159.DOC;}                           4