FOSTER & WOLKIND, P.C.
80 Fifth Avenue, Suite 1401
New York, New York 10011
(212) 691-2313
PETER B. FOSTER (PBF 0851)
STEWART WOLF (SW 8655)
*Attorneys for Plaintiff 150 Street Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x

| | | |
|---|---|---|
| 150 STREET CORP., | | 08-CV-1540 |
| | : | (GBD) (KNF) |
| Plaintiff, | | |
| -against - | : | |
| | | **NOTICE** |
| LOCAL 272 WELFARE FUND, | : | **OF MOTION** |
| | | |
| Defendant. | : | |

--------------------------------------------------------------------------------x

PLEASE TAKE NOTICE that upon the annexed Affirmation of Peter B. Foster, Esq. dated June 11, 2008, the affidavit of Stanley J. Zawada, D.P.M. sworn to on June 5, 2008, and the accompanying Memorandum of Law, and upon all prior pleadings and proceedings herein, the undersigned will move this Court, in Courtroom 15D before the Honorable George B. Daniels, United States District Court Judge for the Southern District of New York, in Room 630 of the Courthouse located at 500 Pearl Street, New York, New York, 10007, on the 9th day of July, 2008 at 9:30 a.m. on the forenoon of that day or as soon thereafter as counsel can be heard for an order for leave: (i) to amend its summons and complaint in the instant action; (ii) to add Stanley J. Zawada, D.P.M. (hereinafter "Zawada") as a co-plaintiff in the instant action, and (iii) for such other and further relief which this Court deems just and proper.

PLEASE TAKE FURTHER NOTICE that, pursuant to the individual rules of this Court, opposing affidavits and answering memoranda of law, if any, shall be served within ten (10) business days of this date.

Dated: New York, New York
       June 11, 2008

                              FOSTER & WOLKIND, P.C.

                              By:_____s/_____
                                 PETER B. FOSTER, ESQ. (PF 0851)
                                 Attorneys for Plaintiff
                                 150 Street Corp.
                                 80 Fifth Avenue, Suite 1401
                                 New York, New York 10011-8002
                                 (212) 691-2313
                                 pfoster@foster-wolkind.com

TO:    Pitta & Dreier, LLP
       Jane Lauer Barker, Esq.
       499 Park Avenue
       New York, New York 10022
       (212) 652-3890
       jbarker@pittadreier.com

FOSTER & WOLKIND, P.C.
80 Fifth Avenue, Suite 1401
New York, New York 10011
(212) 691-2313
PETER B. FOSTER (PBF 0851)
STEWART WOLF (SW 8655)
*Attorneys for Plaintiff 150 Street Corp.*


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x

| | | |
|---|---|---|
| 150 STREET CORP., | | 08-CV-1540 |
| | : | (GBD) (KNF) |
| Plaintiff, | | |
| -against - | : | |
| | | **AFFIRMATION** |
| LOCAL 272 WELFARE FUND, | : | **IN SUPPORT** |
| | | |
| Defendant. | : | |

--------------------------------------------------------------------------------x

     PETER B. FOSTER, ESQ., being an attorney duly admitted to practice law in the courts of the State of New York, affirms under the penalty of perjury pursuant to the CPLR that the following facts are true:


     1.  I am a member of the law firm of Foster & Wolkind, P.C., the attorneys for the plaintiff in this action, 150 Street Corp., I am over eighteen years of age and am fully familiar with all of the facts and proceedings heretofore had herein.


     2. I make this affirmation in support of the plaintiff's instant motion for leave: (i) to amend its summons and complaint in the instant action; (ii) to add Stanley J. Zawada, D.P.M. (hereinafter "Zawada") as a co-plaintiff in the instant action, and (iii) for such other and further relief which this Court deems just and proper.

3.   This is an action which seeks to recover amounts which are due and owing by reason of medical services provided by prospective co-plaintiff Zawada which were billed by plaintiff 150 Street Corp. and not paid by the defendant as required.

4.  This action was commenced on February 6, 2008, by filing an original summons and complaint with the New York County Clerk.  A copy of the summons and complaint is annexed hereto as Exhibit "B" and made a part hereof.

5.  The defendant was thereafter properly served with process pursuant to CPLR § 311 on February 12, 2008 by serving the defendant's president.  A proof of service was thereafter filed with the New York County Clerk in a timely manner and in accordance with the CPLR.  A copy of said affidavit of service is annexed hereto as Exhibit "C" and made a part hereof.

6.   Thereafter, on or about February 14, 2008, the defendant filed a notice of removal, and the instant action was thereafter removed from the New York County Supreme Court to this Court.  A copy of the notice of removal is annexed hereto as Exhibit "D" and made a part hereof.

7.  Following removal, issue was joined by the service of an answer on behalf of the defendant on or about February 25, 2008. A copy of the defendants' answer is annexed hereto as Exhibit "E" and made a part hereof.

8. The underlying facts concerning the medical services provided by prospective co-plaintiff Zawada, the invoices sent from plaintiff 150 Street Corp. to the defendant for payment for said services and the plaintiff's authorization by Dr. Zawada to do so, the defendant's failure to pay said invoices, and the damages resulting therefrom, as well as the defendant's failure to object to an account stated served upon it, are set forth in the affidavit of Dr. Zawada, which is annexed hereto as Exhibit "A" and made a part hereof.

9.   One of the affirmative defenses raised by the defendant in this action is that the plaintiff lacks standing to bring the instant action.  Upon receipt of the defendant's answer, your affirmant spoke with the defendant's counsel and was advised that the basis of this defense is the defendant's contention that a general business corporation such as the plaintiff lacks standing to collect monies which are due and owing based upon the rendering of medical or podiatric services.

10.   There is no dispute that: (i) the podiatric and/or medical services upon which the invoices are based were performed by Dr. Zawada; (ii) invoices were sent to the defendant at Dr. Zawada's instruction by 150 Street Corp., and that (iii) 150 Street Corp. is a general business corporation which provides administration services for Dr. Zawada, including billing, bookkeeping and invoicing services.

11.   As such, plaintiff seeks to amend its pleadings to add Dr. Zawada as a co-plaintiff in this action so as to avoid any alleged procedural deficiencies and afford this Court the opportunity to examine the critical, core-issues of whether monies are in fact

due and owing from the defendant to 150 Street Corp. and/or Dr. Zawada.  A copy of the proposed amended complaint is annexed hereto as Exhibit "F" and made a part hereof.

12.   As set forth more fully in the annexed memorandum of law, such an amendment should be fully granted as leave to amend pleadings "shall be freely given when justice so requires" (Fed. R. Civ. P. § 15[a]), an amendment would not destroy the Court's subject matter jurisdiction, and there is no sound basis such as futility, undue delay, bad faith, or prejudice to the defendant upon which to deny such an amendment.

13.   As such, for the reasons set forth herein and in the annexed memorandum of law, the plaintiff respectfully submits that the instant motion should be granted in its entirety.

WHEREFORE, plaintiff respectfully requests that the Court grant the instant motion in its entirety, that the Court grant plaintiff leave to amend its pleadings and add Stanley J. Zawada, D.P.M. as a co-plaintiff to the instant action, and that the Court grant the plaintiff such other and further relief as this Court deems just and proper.

Dated: New York, New York
     June 11, 2008

                FOSTER & WOLKIND, P.C.


                By:_____s/_____
                  PETER B. FOSTER, ESQ. (PF 0851)
                  Attorneys for Plaintiff
                  150 Street Corp.
                  80 Fifth Avenue, Suite 1401
                  New York, New York 10011-8002
                  (212) 691-2313
                  pfoster@foster-wolkind.com

FOSTER & WOLKIND, P.C.
80 Fifth Avenue, Suite 1401
New York, New York 10011
(212) 691-2313
PETER B. FOSTER (PBF 0851)
STEWART WOLF (SW 8655)
*Attorneys for Plaintiff 150 STREET CORP.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

150 STREET CORP.,                                                                    08-CV-1540
                                                                            :        (GBS) (KNF)
                                                        Plaintiff,
                                                                            :
            -against -
                                                                            :        **AFFIDAVIT**
LOCAL 272 WELFARE FUND,                                                      :        **OF FACT**

                                                        Defendant.   :
------------------------------------------------------------------x


STATE OF NEW YORK              )
                              ) ss.:
COUNTY OF QUEENS               )


        STANLEY J. ZAWADA, D.P.M., being duly sworn, deposes and says:

        1. I am the prospective co-plaintiff in the instant action, and I am over eighteen
years of age. The facts set forth in this affidavit are based upon my personal knowledge,
as well as my review and examination of my business and medical records relating to
the facts which underlie this action.


        2. I make this affidavit in support of the plaintiff's instant motion for leave: (i) to
amend its summons and complaint in the instant action; (ii) to add me as a co-plaintiff
in the instant action, and (iii) for such other and further relief which this Court deems
just and proper.

3. This is an action which seeks to recover amounts which are due and owing by reason of medical services provided by me and were billed by plaintiff 150 STREET CORP. and not paid by the defendant as required.

4. I am a podiatrist licensed to practice podiatric medicine and surgery in the State of New York.

5. Between April 16, 2004 and April 21, 2006, at Jorge and Cecilia Davalos' request, I provided various podiatric and/or medical services to and for the benefit of Jorge Davalos and Cecilia Davalos, which services had a reasonable value of $51,271.75.

6. I have authorized 150 STREET CORP. to perform all of the billing and collection activities in connection with the podiatric and/or medical services which were provided by me to Jorge and Cecilia Davalos.

7. In fact, 150 STREET CORP. performs all of the billing, collection, and bookkeeping services for me with regard to my entire practice.

8. Jorge and Cecilia Davalos have assigned to 150 STREET CORP. and me all of their right and interest to receive payment and/or reimbursement from the defendant for the podiatric and/or medical services provided by me.

2

9. Within ninety (90) days after I furnished said services to the Davaloses, 150 STREET CORP. filed written claims and demanded payment and reimbursement from the defendant for the services provided by me to Jorge Davalos and Cecilia Davalos, but the defendant has failed to pay and/or reimburse the plaintiff or me for the services rendered.

WHEREFORE, plaintiff respectfully requests that the Court grant the instant motion in its entirety, that the Court grant plaintiff leave to amend its pleadings and add me as a co-plaintiff to the instant action, and that the Court grant the plaintiff such other and further relief as this Court deems just and proper.

STANLEY J. ZAWADA, D.P.M.

Sworn to before me this
5th day of June, 2008

GEORGE KOSNIK
Notary Public, State of New York
No. 01KO4960493
Qualified in Queens County
Commission Expires December 26, 2009

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------------------------x
150 STREET CORP.,                                                  Index No. 600347/08

                              :

                      Plaintiff,

         -against -              :         **SUMMONS**

LOCAL 272 WELFARE FUND,            :

                      Defendant.  :

---------------------------------------------------------------------------------x

TO THE ABOVE NAMED DEFENDANT:

     **YOU ARE HEREBY SUMMONED** and required to serve upon plaintiff's attorney an answer to the complaint in this action within twenty (20) days after service of this summons, exclusive of the day of service, or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

     The basis for the venue designated is defendant's principal place of business located at 220 East 23rd Street, New York, New York 10010.

Dated: New York, New York
       February 4, 2008

                               FOSTER & WOLKIND, P.C.

                               By:_____
                                 PETER B. FOSTER, ESQ.
                                 Attorney for Plaintiff
                                 150 Street Corp.
                                 80 Fifth Avenue, Suite 1401
                                 New York, New York 10011-8002
                                 (212) 691-2313

NEW YORK COUNTY CLERK
**FILED**
FEBRUARY 6, 2008

Defendant's Address:
Local 272 Welfare Fund
220 East 23rd Street
New York, New York 10010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------------x
150 STREET CORP.,

                                          Plaintiff,

             -against -

LOCAL 272 WELFARE FUND,

                                   Defendant.  :
-------------------------------------------------------------------------------x

Index No.

**COMPLAINT**

        Plaintiff, 150 Street Corp. (hereinafter the "Provider"), by its attorney, Foster & Wolkind, P.C., as and for its complaint against defendant, Local 272 Welfare Fund (hereinafter the "Fund"), respectfully alleges as follows:

        1. At all relevant times mentioned herein, the Provider was and still is a corporation organized and existing under and by residing within the State of New York at 12-57 150th Street, Whitestone, New York 11357.

        2. At all relevant times mentioned herein, the Fund was and still is a "welfare" plan under ERISA established for the welfare and benefit of its participants, with offices located at 220 East 23rd Street, New York, New York 10010.

        3. At all relevant times mentioned herein, the Fund was and still is designed to and obligated to provide certain medical insurance benefits, including podiatric insurance benefits, to its participants and their dependents.

4. At all relevant times mentioned herein, Jorge Davalos was and still is an individual residing within the State of New York at 150 40 20th Avenue, Whitestone, New York 11357.

5. At all relevant times mentioned herein, Jorge Davalos was and still is a participant in the Fund, and was and still is eligible to receive medical insurance benefits, including podiatric insurance benefits, from the Fund.

6. At all relevant times mentioned herein, Cecilia Davalos was and still is a dependent of Jorge Davalos, and was and still is eligible to receive medical insurance benefits, including podiatric insurance benefits, from the Fund.

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>

7. Plaintiff repeats and realleges each and every allegation contained in paragraphs one through six above as if fully set forth at length herein.

8. On or about April 16, 2004 though on or about April 21, 2006, and pursuant to an agreement or agreements by and between the Fund and Jorge Davalos, the Provider did provide and supply Jorge Davalos with medical and podiatric services (hereinafter the "Services") at Jorge Davalos' specific request, at an agreed price of $51,271.75.

9. Pursuant to the terms of a collective bargaining agreement, The Fund promised to pay and/or reimburse Jorge Davalos for the Services which were provided

2

to Jorge Davalos and Cecilia Davolos by the Provider, but has failed to date to pay and/or reimburse Jorge Davalos for same despite demand that it do so.

10. The Jorge Davalos has assigned to the Provider all of his right and interest to receive payment and/or reimbursement from the Fund for the Services provided to Jorge Davalos and Cecilia Davolos by the Provider.

11. Within ninety days of furnishing the Services, The Provider filed written claims and demanded payment and reimbursement from the Fund for Services provided by the Provider to Jorge Davalos and Cecilia Davolos, but the Fund has failed and refused to pay and/or reimburse the Provider for the Services rendered within thirty .

12. By reason of the foregoing, the Fund has breached its agreement with Jorge Davalos and the Provider to pay for the Services, and the Provider has been damaged thereby, and there is now due and owing from the Fund to the Provider the sum of $51,271.75, plus interest thereon from the date that the Services were rendered.

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>

13. Plaintiff repeats and realleges each and every allegation contained in paragraphs one through twelve above as if fully set forth at length herein.

14. On or about April 16, 2004 though on or about April 21, 2006, plaintiff did, in reasonable reliance upon Jorge Davalos' participation in the Fund, and in reliance upon

3

the assignment of Jorge Davalos' right to receive payment and/or reimbursement from the Fund, provide Jorge Davalos with the Services having a reasonable value of $51,271.75.

15. The Fund received the benefit of the Services provided by the Provider.

16. The Fund has failed and refused to pay and/or reimburse the Provider for the reasonable value of the Services provided by the Provider despite demand that it do so.

17. By reason of the foregoing, the Provider has been damaged by the Fund, and there is now due and owing from the Fund to the Provider the sum of $51,271.75, plus interest thereon from the date that the Services were rendered.

## AS AND FOR A THIRD CAUSE OF ACTION

18. Plaintiff repeats and realleges each and every allegation contained in paragraphs one through twelve above as if fully set forth at length herein.

19. The Fund, being indebted to plaintiff in the sum of $51,271.75 on accounts stated between them, did promise to pay the Provider said amount on demand.

20. Payment has been demanded by the Provider but has not yet been made by the Fund, and no objection has been made to the accounts stated.

4

21. By reason of the foregoing, there is now due and owing from defendant to plaintiff the sum of $51,271.75, plus interest thereon from the dates of the respective accounts stated.

WHEREFORE, plaintiff demands judgment against defendant as follows:

a) on its first cause of action in the sum of $51,271.75, plus interest thereon from the date that the Services were rendered;

b) on its second cause of action the sum of $51,271.75, plus interest thereon from the date that the Services were rendered;

c) on its third cause of action in the sum of $51,271.75, plus interest thereon from the dates of the respective accounts stated;

d) for interest, costs, and disbursements of this action; and

e) such other and further relief which this Court deems just proper.

Dated: New York, New York
    February 4, 2008

FOSTER & WOLKIND, P.C.

By:_____
    PETER B. FOSTER, ESQ.
    Attorney for Plaintiff
    150 Street Corp.
    80 Fifth Avenue, Suite 1401
    New York, New York 10011-8002
    (212) 691-2313

5

SUPREME COURT OF THE STATE OF NEW YORK    NEW YORK COUNTY

150 STREET CORP.,

|  | INDEX #: |
|---|---|
| Plaintiff(s) Petitioner(s) | 600347/08 |
|  | DATE FILED: |
|  | 02/06/2008 |

- against -

LOCAL 272 WELFARE FUND,

Defendant(s)
Respondent(s)

NEW YORK COUNTY CLERK'S OFFICE

MAY 07 2008

NOT COMPARED WITH COPY FILE

STATE OF NEW YORK: COUNTY OF NASSAU: ss:

TONY CONIGLIARO, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK

That on 02/12/2008, 10:50AM at 220 EAST 23RD STREET, SUITE # 801, NEW YORK NY 10010, deponent served the within  SUMMONS AND COMPLAINT on LOCAL 272 WELFARE FUND, a defendant in the above action.

By delivering to and leaving with FRED ALSTON/PRESIDENT at the above address and that he knew the person so served to be the managing agent of the corporation.

DEPONENT DESCRIBES THE INDIVIDUAL SERVED AS FOLLOWS:
Sex M    Approximate age 55    Approximate height 5'07"    Approximate weight 225    Color of skin BLACK    Color of hair BALD    Other GLASSES

FOSTER & WOLKIND,PC

80 FIFTH AVENUE
SUITE #1401
NEW YORK, NY 10011
(212)691-2313

TONY CONIGLIARO    License # 1220476

Sworn to before me on 02/13/2008
MAUREEN MCCAFFREY  NO.01MC5018583
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES OCTOBER 4, 2009

APPLE ATTORNEY SERVICE, PO BOX 470, MINEOLA NY 11501-0470
Phone: 516-742-0077 ' Fax: 516-742-4726

PITTA & DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 652-3890
BRUCE COOPER (BC 2764)
JANE LAUER BARKER (JB 5436)
*Attorneys for Defendant Local 272 Welfare Fund*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

150 STREET CORP.,

        Plaintiff,

            - against -

LOCAL 272 WELFARE FUND,

        Defendant.

**NOTICE OF REMOVAL**

Civil Action No.

---

      Defendant, LOCAL 272 WELFARE FUND (the "Fund"), by its attorneys, Pitta &

Dreier LLP, respectfully alleges as follows:

## PRELIMINARY STATEMENT

      1.    The Fund submits this notice of removal pursuant to 28 U.S.C. §§ 1331,

1441 (b) and 1446 to remove the above-referenced civil action to this Court from the

Supreme Court of the State of New York, County of New York, on the ground that the

action is founded on a claimed right arising under federal law as to which federal law

completely preempts state law.

## STATEMENT OF GROUNDS FOR REMOVAL

2.      This Court has original jurisdiction of this action pursuant to sections 502(a), (e) and (f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. Section 1132(a), (e) and (f).

3.      Pursuant to 28 U.S.C. § 1446(b), this notice of removal is timely as it is filed within 30 days after the receipt by the Fund of a copy of the Summons and Complaint on or about February 12, 2008. A copy of the Summons and Complaint is annexed hereto as Exhibit "A".

4.      Venue is proper in this district court pursuant to 28 U.S.C. § 1446(a) as this action is pending in the County of New York which is within the Southern District of New York.

5.      The Fund is administered by a Board of Trustees composed of an equal number of employer and employee representatives as required by Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5).

6.      As is alleged in the Complaint, the Fund maintains an "employee welfare benefit plan" ("the plan") as defined in Section 3(1) of ERISA, 29 U.S.C. Section 1002(1). The Fund's plan provides, inter alia, medical benefits to workers of employers who have agreed, pursuant to collective bargaining agreements with Teamsters Local 272 to contribute to the Fund. (Complaint, ¶ ¶ 2-3).

7.      The Fund, pursuant to Plan documents, receives claims for medical benefits from participants or beneficiaries of the Fund and renders determinations regarding benefits due under the terms of the Fund's Plan.

8.    Plaintiff alleges to have provided medical and podiatric services to a participant of the Fund, Jorge Davalos, and a dependent of Davalos, Cecelia Davalos, from on or about April 16, 2004 through on or about April 21, 2006. (Complaint, ¶ 8).

9.    Pursuant to an alleged assignment, plaintiff is alleged to have submitted claims for benefits to the Fund. (Complaint, ¶ 11). The Complaint alleges that the Fund failed to pay plaintiff for the alleged medical and podiatric services rendered to Jorge Davalos and Cecelia Davalos and is allegedly indebted to plaintiff in the amount of $51,271.75. (Complaint, ¶ 12).

10.    Plaintiff's claims arise under section 502(a)(1)(B) of ERISA which provides that a participant or beneficiary of an employee welfare benefit plan covered by ERISA may bring a civil action to "recover benefits due...under the terms of [the] plan, ...." 29 U.S.C. § 1132(a)(1)(B).

11.    Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132 (a)(1)(B) completely preempts state common law and statutory claims for benefits due under the terms of employee welfare benefit plans. Pilot Life Insurance Company v. Dedeaux, 481 U.S. 41 (1987).

12.    Because Section 502(a)(1)(B) of ERISA, completely preempts state common law or statutory claims to recover benefits due from employee welfare benefit plans, such claims are necessarily federal in character. Therefore, plaintiff's complaint arises under federal law within the meaning of 28 U.S.C. § 1331 and 1441(b). Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

WHEREFORE, removal of Plaintiff's complaint to this Court is proper pursuant

to 28 U.S.C. § 1331 and 1441(b).

Dated: February 14, 2008
      New York, New York

                                 Respectfully submitted,

                                 PITTA & DREIER LLP
                                 *Attorneys for Defendant Local 272*
                                 *Welfare Fund*

                              By: _____
                                   Jane Lauer Barker (JB 5436)
                               499 Park Avenue
                               New York, New York  10022
                               (212) 652-3890

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x
150 STREET CORP.,                                                            Index No. 600347/08

                                          Plaintiff,              :

            -against -                                            :          **SUMMONS**

LOCAL 272 WELFARE FUND,                                           :

                                          Defendant.   :
------------------------------------------------------------------x

TO THE ABOVE NAMED DEFENDANT:

    **YOU ARE HEREBY SUMMONED** and required to serve upon plaintiff's attorney
an answer to the complaint in this action within twenty (20) days after service of this
summons, exclusive of the day of service, or within thirty (30) days after the service is
complete if this summons is not personally delivered to you within the State of New
York. In case of your failure to answer, judgment will be taken against you by default for
the relief demanded in the Complaint.

    The basis for the venue designated is defendant's principal place of business
located at 220 East 23rd Street, New York, New York 10010.

Dated: New York, New York
       February 4, 2008

                                          FOSTER & WOLKIND, P.C.

                                          By: _Peter B. H_____
                                              PETER B. FOSTER, ESQ.
                                              Attorney for Plaintiff
                                              150 Street Corp.
                                              80 Fifth Avenue, Suite 1401
                                              New York, New York 10011-8002
                                              (212) 691-2313

┌─────────────────────────────┐
│ NEW YORK COUNTY CLERK        │
│          **FILED**           │
│     FEBRUARY 6, 2008         │
└─────────────────────────────┘

Defendant's Address:
Local 272 Welfare Fund
220 East 23rd Street
New York, New York 10010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------------x
150 STREET CORP.,                                          Index No.
                                                      :
                                      Plaintiff,
                                                      :
                  -against -
                                                      :    **COMPLAINT**
LOCAL 272 WELFARE FUND,
                                                      :
                                      Defendant.      :
-----------------------------------------------------------------------------x


        Plaintiff, 150 Street Corp. (hereinafter the "Provider"), by its attorney, Foster &

Wolkind, P.C., as and for its complaint against defendant, Local 272 Welfare Fund

(hereinafter the "Fund"), respectfully alleges as follows:


        1. At all relevant times mentioned herein, the Provider was and still is a

corporation organized and existing under and by residing within the State of New York

at 12-57 150th Street, Whitestone, New York 11357.


        2. At all relevant times mentioned herein, the Fund was and still is a "welfare"

plan under ERISA established for the welfare and benefit of its participants, with offices

located at 220 East 23rd Street, New York, New York 10010.


        3. At all relevant times mentioned herein, the Fund was and still is designed to

and obligated to provide certain medical insurance benefits, including podiatric

insurance benefits, to its participants and their dependents.

4. At all relevant times mentioned herein, Jorge Davalos was and still is an individual residing within the State of New York at 150 40 20th Avenue, Whitestone, New York 11357.

5. At all relevant times mentioned herein, Jorge Davalos was and still is a participant in the Fund, and was and still is eligible to receive medical insurance benefits, including podiatric insurance benefits, from the Fund.

6. At all relevant times mentioned herein, Cecilia Davalos was and still is a dependent of Jorge Davalos, and was and still is eligible to receive medical insurance benefits, including podiatric insurance benefits, from the Fund.

## AS AND FOR A FIRST CAUSE OF ACTION

7. Plaintiff repeats and realleges each and every allegation contained in paragraphs one through six above as if fully set forth at length herein.

8. On or about April 16, 2004 though on or about April 21, 2006, and pursuant to an agreement or agreements by and between the Fund and Jorge Davalos, the Provider did provide and supply Jorge Davalos with medical and podiatric services (hereinafter the "Services") at Jorge Davalos' specific request, at an agreed price of $51,271.75.

9. Pursuant to the terms of a collective bargaining agreement, The Fund promised to pay and/or reimburse Jorge Davalos for the Services which were provided

to Jorge Davalos and Cecilia Davolos by the Provider, but has failed to date to pay and/or reimburse Jorge Davalos for same despite demand that it do so.

10. The Jorge Davalos has assigned to the Provider all of his right and interest to receive payment and/or reimbursement from the Fund for the Services provided to Jorge Davalos and Cecilia Davolos by the Provider.

11. Within ninety days of furnishing the Services, The Provider filed written claims and demanded payment and reimbursement from the Fund for Services provided by the Provider to Jorge Davalos and Cecilia Davolos, but the Fund has failed and refused to pay and/or reimburse the Provider for the Services rendered within thirty .

12. By reason of the foregoing, the Fund has breached its agreement with Jorge Davalos and the Provider to pay for the Services, and the Provider has been damaged thereby, and there is now due and owing from the Fund to the Provider the sum of $51,271.75, plus interest thereon from the date that the Services were rendered.

### AS AND FOR A SECOND CAUSE OF ACTION

13. Plaintiff repeats and realleges each and every allegation contained in paragraphs one through twelve above as if fully set forth at length herein.

14. On or about April 16, 2004 though on or about April 21, 2006, plaintiff did, in reasonable reliance upon Jorge Davalos' participation in the Fund, and in reliance upon

3

the assignment of Jorge Davalos' right to receive payment and/or reimbursement from the Fund, provide Jorge Davalos with the Services having a reasonable value of $51,271.75.

15. The Fund received the benefit of the Services provided by the Provider

16. The Fund has failed and refused to pay and/or reimburse the Provider for the reasonable value of the Services provided by the Provider despite demand that it do so.

17. By reason of the foregoing, the Provider has been damaged by the Fund, and there is now due and owing from the Fund to the Provider the sum of $51,271.75, plus interest thereon from the date that the Services were rendered.

## AS AND FOR A THIRD CAUSE OF ACTION

18. Plaintiff repeats and realleges each and every allegation contained in paragraphs one through twelve above as if fully set forth at length herein.

19. The Fund, being indebted to plaintiff in the sum of $51,271.75 on accounts stated between them, did promise to pay the Provider said amount on demand.

20. Payment has been demanded by the Provider but has not yet been made by the Fund, and no objection has been made to the accounts stated.

21. By reason of the foregoing, there is now due and owing from defendant to plaintiff the sum of $51,271.75, plus interest thereon from the dates of the respective accounts stated.

WHEREFORE, plaintiff demands judgment against defendant as follows:

a) on its first cause of action in the sum of $51,271.75, plus interest thereon from the date that the Services were rendered;

b) on its second cause of action the sum of $51,271.75, plus interest thereon from the date that the Services were rendered;

c) on its third cause of action in the sum of $51,271.75, plus interest thereon from the dates of the respective accounts stated;

d) for interest, costs, and disbursements of this action; and

e) such other and further relief which this Court deems just proper.

Dated: New York, New York
February 4, 2008

FOSTER & WOLKIND, P.C.

By: _PtB. N4_____

PETER B. FOSTER, ESQ.
Attorney for Plaintiff
150 Street Corp.
80 Fifth Avenue, Suite 1401
New York, New York 10011-8002
(212) 691-2313

5

PITTA & DREIER LLP
499 Park Avenue
New York, New York 100232
(212) 652-3890
BRUCE COOPER (BC 2764)
JANE LAUER BARKER (JB 5436)
*Attorneys for Defendant Local 272 Welfare Fund*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

150 STREET CORP.,

       Plaintiff,

       - against -

LOCAL 272 WELFARE FUND,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No.

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                    s.s.
COUNTY OF NEW YORK  )

      MICHELLE WILLIAMS, being duly sworn, deposes and says:

      That deponent is not a party to this action, is over eighteen years of age and resides in North Brunswick, New Jersey.

      That on the **14th day of February, 2008** deponent served by regular mail the within **NOTICE OF REMOVAL** thereof upon:

          **FOSTER & WOLKIND, P.C.**
          ***Attorneys for Plaintiff***
          **80 Fifth Avenue, Suite 1401**
          **New York, New York 10011-8002**

                             Michelle Williams

Sworn to before me this
14th day of February 2008

       Notary Public

Jane L. Barker
Notary Public, State of New York
No. 02BA6144861
Qualified in Westchester County
Commission Expires May 1, 2016

PITTA & DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 652-3890
BRUCE COOPER (BC 2764)
JANE LAUER BARKER (JB 5436)
*Attorneys for Defendant Local 272 Welfare Fund*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 150 STREET CORP.,<br><br>       Plaintiff,<br><br>       - against -<br><br>LOCAL 272 WELFARE FUND,<br><br>       Defendant. | 08 CV 1540 (GBS) (KNF)<br><br>ANSWER |

Defendant, LOCAL 272 WELFARE FUND (the "Fund"), by its attorneys, Pitta & Dreier LLP, as and for its answer to the complaint, alleges as follows:

1.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the complaint.

2.    Admits the allegations contained in paragraph 2 of the complaint.

3.    Denies the allegations contained in paragraph 3 of the complaint, except admits that the Fund provides, inter alia, medical benefits to eligible employees of employers who have agreed, pursuant to collective bargaining agreements with Teamsters Local 272, to contribute to the Fund and, in further answer, states that, pursuant to Fund documents, receives claims for medical benefits from and on behalf of participants or beneficiaries of the Fund and renders determinations regarding benefits due under the terms of the Fund's plan documents.

4.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the complaint.

5.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 of the complaint.

6.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the complaint.

7.    Repeats and realleges each and every answer contained in paragraphs 1 through 6 hereinabove as if fully set forth herein.

8.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 of the complaint.

9.    Denies the allegations in paragraph 9 of the complaint.

10.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 of the complaint.

11.    Denies the allegations in paragraph 11 of the complaint.

12.    Denies the allegations in paragraph 12 of the complaint.

13.    Repeats and realleges each and every answer contained in paragraphs 1 through 12 hereinabove as if fully set forth herein.

14.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the complaint.

15.    Denies the allegations in paragraph 15 of the complaint.

16.    Denies the allegations in paragraph 16 of the complaint.

17.    Denies the allegations in paragraph 17 of the complaint.

18.    Repeats and realleges each and every answer contained in paragraphs 1 through 12 hereinabove as if fully set forth herein.

19.    Denies the allegations in paragraph 19 of the complaint.

20.    Denies the allegations in paragraph 20 of the complaint.

21.    Denies the allegations in paragraph 21 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22.    The complaint is preempted by federal law, namely, the Employee Retirement Income Security Act of 1975, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA") and the court lacks subject matter jurisdiction over the claims, in whole or in part, as alleged in the complaint.

## AS AND FOR SECOND AFFIRMATIVE DEFENSE

23.    The complaint fails to state a claim upon which relief may be granted.

## AS AND FOR THIRD AFFIRMATIVE DEFENSE

24.    The claims are time-barred because plaintiff failed to submit the alleged claims within the time provided in the Fund's plan documents.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

25.    Plaintiff failed to exhaust the Fund's internal appeal procedures.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

26.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, estoppel, and/or unclean hands.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

27.    Plaintiff is not authorized or permitted by state law to provide or to be reimbursed for any of the alleged services rendered.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

28.     Some or all of the alleged services rendered were not medically necessary.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

29.     Some or all of the alleged services rendered are not covered by the Fund's

plan.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

30.     The amounts claimed by plaintiff for the alleged services rendered are in

excess of the amount allowed by the Fund's plan and/or are unreasonable and/or

unconscionable.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

31.     Plaintiff lacks standing to alleged some or all of the claims of the

complaint.

WHEREFORE, defendant demands that the complaint be dismissed in its entirety

with costs to defendant, including reasonable attorney's fees, and for such other and

further relief as the Court deems just and proper.

Dated: February 25, 2008
       New York, New York

Respectfully submitted,

PITTA & DREIER LLP
*Attorneys for Defendant Local 272
Welfare Fund*

By
Jane Lauer Barker (JB 5436)
499 Park Avenue
New York, New York  10022
(212) 652-3890

FOSTER & WOLKIND, P.C.
80 Fifth Avenue, Suite 1401
New York, New York 10011
(212) 691-2313
PETER B. FOSTER (PBF 0851)
STEWART WOLF (SW 8655)
*Attorneys for Plaintiffs 150 Street Corp.*
*and Stanley J. Zawada, D.P.M.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x

| | |
|---|---|
| 150 STREET CORP. and STANLEY J. ZAWADA, D.P.M., : | 08-CV-1540 |
| : | (GBD) (KNF) |
| Plaintiffs, | |
| -against- : | **AMENDED** |
| LOCAL 272 WELFARE FUND, : | **COMPLAINT** |
| Defendant. : | |

--------------------------------------------------------------------------------x

       Plaintiffs, 150 Street Corp. (hereinafter "150") and Stanley J. Zawada, D.P.M. (hereinafter "Zawada"), by their attorneys, Foster & Wolkind, P.C., as and for their complaint against the defendant, Local 272 Welfare Fund (hereinafter the "Fund"), respectfully allege as follows:

       1. At all relevant times mentioned herein, plaintiff 150 was and still is a corporation organized and existing under the laws of the State of New York with a principal place of business within the State of New York located at 12-57 150th Street, Whitestone, New York 11357.

2.   At all relevant times mentioned herein, plaintiff Zawada was and still is an individual resident of the State of New York with his principal place of business within the State of New York located at 12-57 150th Street, Whitestone, New York 11357.

3.   At all relevant times mentioned herein plaintiff Zawada was and still is a podiatrist licensed to practice podiatric medicine and surgery in the State of New York.

4.   At all relevant times mentioned herein plaintiff 150 was and still is authorized by co-plaintiff Zawada to perform all of the billing, collection and bookkeeping services for co-plaintiff Zawada with regard to his entire podiatric medical practice.

5.   At all relevant times mentioned herein, the Fund was and still is a "welfare" plan under ERISA established for the welfare and benefit of its participants, with offices located at 220 East 23rd Street, New York, New York 10010.

6.   At all relevant times mentioned herein, the Fund was and still is designed to and obligated to provide certain medical insurance benefits, including podiatric insurance benefits, to its participants and their dependents.

7.   At all relevant times mentioned herein, Jorge Davalos was and still is an individual residing within the State of New York at 150-40 20th Avenue, Whitestone, New York 11357.

8. At all relevant times mentioned herein, Jorge Davalos was and still is a participant in the Fund, and was and still is eligible to receive medical insurance benefits, including podiatric insurance benefits, from the Fund.

9. At all relevant times mentioned herein, Cecilia Davalos was and still is a dependent of Jorge Davalos, and was and still is eligible to receive medical insurance benefits, including podiatric insurance benefits, from the Fund.

<u>AS AND FOR A FIRST CLAIM FOR RELIEF</u>

10. Plaintiffs repeat and reallege each and every allegation contained in paragraphs one through nine above as if fully set forth at length herein.

11. On or about April 16, 2004 though on or about April 21, 2006, and pursuant to an agreement or agreements by and between the Fund and Jorge Davalos, plaintiff Zawada did provide and supply Jorge Davalos and Cecilia Davalos with medical and podiatric services (hereinafter the "Services") at Jorge Davalos and or Cecilia Davalos' specific request, at an agreed price of $51,271.75.

12. Pursuant to the terms of a collective bargaining agreement, the Fund promised to pay and/or reimburse Jorge Davalos for the Services which were provided to Jorge Davalos and Cecilia Davolos by plaintiff Zawada, but has failed to date to pay and/or reimburse Jorge Davalos for same despite demand that it do so.

13.   The plaintiffs sent invoices to the Fund and demanded payment from the Fund for medical and/or podiatric services provided by co-plaintiff Zawada to Jorge Davalos and Cecilia Davalos.

14.   Jorge Davalos has assigned to the plaintiffs all of his right and interest to receive payment and/or reimbursement from the Fund for the Services provided to Jorge Davalos and Cecilia Davolos by co-plaintiff Zawada.

15. Within ninety (90) days of furnishing the Services, the plaintiffs filed written claims and demanded payment and reimbursement from the Fund for the Services provided by plaintiff Zawada to Jorge Davalos and Cecilia Davolos, but the Fund has failed to pay and/or reimburse the plaintiffs for the Services rendered within thirty (30) days of each respective invoice.

16. By reason of the foregoing, the Fund has breached its agreement with Jorge Davalos and the plaintiffs to pay for the Services, and the plaintiffs have been damaged thereby, and there is now due and owing from the Fund to the plaintiffs the sum of $51,271.75, plus interest thereon from the date that the Services were rendered.

## AS AND FOR A SECOND CLAIM FOR RELIEF

17.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs one through sixteen above as if fully set forth at length herein.

18. On or about April 16, 2004 though on or about April 21, 2006, the plaintiffs did, in reasonable reliance upon Jorge Davalos' participation in the Fund, and in reliance upon the assignment of Jorge Davalos' right to receive payment and/or reimbursement from the Fund, provide Jorge Davalos and Cecelia Davalos with the Services having a reasonable value of $51,271.75.

19. The Fund received the benefit of the Services provided by the plaintiffs.

20. The Fund has failed to pay and/or reimburse the plaintiffs for the reasonable value of the Services provided by the plaintiffs despite demand that it do so.

21. By reason of the foregoing, the plaintiffs have been damaged by the Fund, and there is now due and owing from the Fund to the plaintiffs the sum of $51,271.75, plus interest thereon from the date that the Services were rendered.

AS AND FOR A THIRD CLAIM FOR RELIEF

22. Plaintiffs repeat and reallege each and every allegation contained in paragraphs one through twenty-one above as if fully set forth at length herein.

23. The Fund, being indebted to the plaintiffs in the sum of $51,271.75 on accounts stated between them, did promise to pay the plaintiffs said amount on demand.

24. Payment has been demanded by the plaintiffs but has not yet been made by the Fund, and no objection has been made to the accounts stated.

25. By reason of the foregoing, there is now due and owing from the Fund to the plaintiffs the sum of $51,271.75, plus interest thereon from the dates of the respective accounts stated.

WHEREFORE, the plaintiffs demands judgment against the defendant as follows:

a) on its first cause of action in the sum of $51,271.75, plus interest thereon from the date that the Services were rendered;

b) on its second cause of action the sum of $51,271.75, plus interest thereon from the date that the Services were rendered;

c) on its third cause of action in the sum of $51,271.75, plus interest thereon from the dates of the respective accounts stated;

d) for interest, costs, and disbursements of this action; and

e) such other and further relief which this Court deems just proper.

Dated: New York, New York
       June __, 2008

                                    FOSTER & WOLKIND, P.C.


                              By:_____
                                    PETER B. FOSTER, ESQ. (PF 0851)
                                    Attorneys for the Plaintiffs
                                    150 Street Corp. and
                                    Stanley J. Zawada, D.P.M.
                                    80 Fifth Avenue, Suite 1401
                                    New York, New York 10011-8002
                                    (212) 691-2313
                                    pfoster@foster-wolkind.com