FOSTER & WOLKIND, P.C.
80 Fifth Avenue, Suite 1401
New York, New York 10011
(212) 691-2313
PETER B. FOSTER (PBF 0851)
STEWART WOLF (SW 8655)
*Attorneys for Plaintiff 150 Street Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x

| | | |
|---|---|---|
| 150 STREET CORP., | | 08-CV-1540 |
| | : | (GBD) (KNF) |
| Plaintiff, | | |
| -against - | : | |
| | | **MEMORANDUM** |
| LOCAL 272 WELFARE FUND, | : | **OF LAW** |
| | | |
| Defendant. | : | |

--------------------------------------------------------------------------------x

      Plaintiff, 150 Street Corp., through its attorneys, Foster & Wolkind, P.C., submits this Memorandum of law in support of its motion for leave: (i) to amend its summons and complaint in the instant action; (ii) to add Stanley J. Zawada, D.P.M. (hereinafter "Zawada") as a co-plaintiff in the instant action, and (iii) for such other and further relief which this Court deems just and proper.

I.    <u>INTRODUCTION</u>

      The Plaintiff filed a complaint in the instant action to recover amounts which are due and owing by reason of medical and/or podiatric services provided by prospective co-plaintiff Zawada which were billed by plaintiff 150 Street Corp. and not paid by the defendant as required.  As set forth in the defendant's answer, the defendant "provides, *inter alia*, medical benefits to eligible employees of employers who have agreed pursuant to collective bargaining agreements with Teamsters Local 272, to contribute to

the Fund."  <u>See</u> Exhibit "E".  Jorge Davalos was and still is a participant in the Fund, and was and still is eligible to receive medical insurance benefits, including podiatric insurance benefits, from the Fund.  Further, Cecilia Davalos was and still is a dependent of Jorge Davalos, and was and still is eligible to receive medical insurance benefits, including podiatric insurance benefits, from the Fund.

Dr. Zawada is a podiatrist who is licensed to practice podiatric medicine and surgery in the State of New York.  Between April 16, 2004 and April 21, 2006, at Jorge and Cecilia Davalos' request, Dr. Zawada provided various podiatric services to Jorge Davalos and Cecilia Davalos at an agreed price of $51,271.75.  Dr. Zawada authorized the plaintiff to perform all of the billing, bookkeeping and collection activities in connection with the medical and/or podiatric services which were provided to Jorge and Cecilia Davalos.  Jorge and Cecilia Davalos have assigned to the plaintiff all of their right and interest to receive payment and/or reimbursement from the defendant for the services provided by Dr. Zawada. Within ninety (90) days after Dr. Zawada furnished said services, the plaintiff filed written claims and demanded payment and reimbursement from the defendant for the services provided by Dr. Zawada to Jorge Davalos and Cecilia Davalos, but the defendant has failed to pay and/or reimburse the plaintiff or Dr. Zawada for the services rendered.

In its answer, the defendant raises various affirmative defenses, including the defense of lack of standing, alleging that 150 Street Corp., as a general business corporation, lacks standing to bring the instant action and recover the monies due and owing for the podiatric services which have been provided by Dr. Zawada.  While the plaintiff's complaint only names 150 Street Corp. as sole plaintiff in this action, the plaintiff now seeks to amend its pleadings so as to add Dr. Zawada as a co-plaintiff to

the within action[1].  150 Street Corp. and Dr. Zawada seek the swift determination of what monies, if any, are due and owing from the defendant as compensation for the podiatric services performed at the Davalos' request.  The plaintiff wants to avoid unnecessary litigation as to standing, and as such, seeks leave to amend its pleadings to add Dr. Zawada as a co-plaintiff so as to allow the Court to focus on the central issues at hand.  Accordingly, the plaintiff respectfully requests that its motion to amend its pleadings be granted.

## II.    ARGUMENT

The plaintiff should be permitted leave to amend its Complaint and add Dr. Zawada as a co-plaintiff.  Federal Rule of Civil Procedure 15(a) allows the amendment of a pleading when justice requires, and Federal Rule of Civil Procedure 19(a) permits joinder of persons needed for just adjudication.  Under the circumstances of this case, the standards set forth by these two rules are not materially different, and 150 Street Corp.is entitled to the relief it seeks under both standards.

### A.    150 Street Corp. Should Be Granted Leave To Amend Its Complaint In Accordance With Rule 15(a).

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings and provides, in pertinent part, that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served … Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

---

[1] The Court should note that this office represents both 150 Street Corp. and Dr. Zawada as well.

F. R. Civ. P. 15(a).

Although courts have broad discretion to decide motions for leave to amend pleadings, the Supreme Court has held that courts are to heed Rule 15(a)'s mandate that amendments are to be granted "freely" in the interests of justice.  See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation omitted) ("the leave sought should, as the rules require, be freely given").  The Second Circuit has also followed Rule 15's requirement for courts to take a liberal stance toward permitting amendments.  See, e.g., Min Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002); Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993); State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981); Credit Suisse First Boston, LLC v. Intershop Commc'n AG, 407 F. Supp. 2d 541, 545 (S.D.N.Y. 2006). Leave to amend under Rule 15 should be denied only in certain circumstances, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or clear futility of the amendment.  Forman, 371 U.S. at 182; see also Zahra v. Town of Southhold, 48 F.3d 674, 685 (2d Cir. 1995).  The present case does not involve any of these enumerated circumstances, therefore there are no grounds for denying leave to amend.

The Court should also note that there has not yet been any discovery in the instant matter, and by adding Dr. Zawada as a co-plaintiff in the instant matter there will be no other claims, issues, causes of action or factual predicates to investigate which will cause the defendant to expend greater time or resources in discovery and/or trial preparation. As such, there can be no showing of delay, undue prejudice, bad faith, or any of the other factors that would require the Court to deny the plaintiff's motion.

4

See, e.g., Silva Run Worldwide Ltd. v. Gaming Lottery Corp., 215 F.R.D. 105 (S.D.N.Y. 2003).

**B.      The Plaintiff Should Be Permitted To Join Dr. Zawada As A Co-Plaintiff In Accordance With Rule 19(a).**

150 Street Corp. should be granted permission to add Dr. Zawada as a co-plaintiff pursuant to Federal Rule of Civil Procedure 19(a).  Dr. Zawada is an indispensable party due to his relationship to 150 Street Corp., and therefore should be joined in this litigation.  Further, by granting 150 Street Corp. leave to add Dr. Zawada, the Court will be effectively eliminating dilatory defenses interposed on behalf of the defendant and will allow the parties and the Court to focus on the central issues to the instant matter.

Rule 19(a) requires the joinder of a party who is subject to service of process and who will not destroy the court's subject matter jurisdiction if joined when:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or
>
> (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action may
>
> > (i) as a practical matter impair or impede the person's ability to protect that interest or
> >
> > (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a).

Here, joining Dr. Zawada as a co-plaintiff in this action is proper pursuant to Fed. R. Civ. P. 19.  Because of the interrelationships between and among 150 Street

Corp. and Dr. Zawada, it is quite clear that they both have a substantial claim relating to the monies due and the right to recover same from the defendant. Further, all of the allegations arise out of the same transactions and occurrences which are already the subject matter of this lawsuit, and no new claims for relief are being added. Specifically, Dr. Zawada provided the medical and/or podiatric services upon which the monies due in the instant action are based, and the invoices for such services were sent by co-plaintiff 150 as the agent for Dr. Zawada which was authorized to perform all bookkeeping, invoicing, and collection services in connection with Dr. Zawada's practice. Moreover, joining them will not prejudice the defendant, and may promote judicial economy by avoiding piecemeal litigation. As such, Dr. Zawada, must be named as a co-plaintiff in this case. While complete relief may possibly be afforded to 150 Street Corp. without Dr. Zawada being named as co-plaintiff, there is no reason to engage in unnecessary motion practice to determine same, when these issues can be cut off at present by granting leave to amend the pleadings.

The naming of an additional co-plaintiff as proposed by Plaintiff does not materially change the substance of the claims asserted by Plaintiff, and will not cause delay in the matter. Further, because the Court's subject matter jurisdiction in the instant matter is based upon federal question jurisdiction and not diversity jurisdiction, adding Dr. Zawada as a co-plaintiff will not affect the Court's subject matter jurisdiction herein. Thus, 150 Street Corp. respectfully suggests that the proposed addition of Dr. Zawada as a co-plaintiff in the instant action should be permitted.

III.    **CONCLUSION**

For all of the foregoing reasons, 150 Street Corp. respectfully submits that its motion for leave: (i) to amend its summons and complaint in the instant action; (ii) to add Dr. Zawada as a co-plaintiff in the instant action, and (iii) for such other and further relief which this Court deems just and proper be granted in its entirety.

WHEREFORE, plaintiff respectfully requests that the Court grant the instant motion in its entirety, that the Court grant plaintiff leave to amend its pleadings and add Stanley J. Zawada, D.P.M. as a co-plaintiff to the instant action, and that the Court grant the plaintiff such other and further relief as this Court deems just and proper.

Dated: New York, New York
      June 11, 2008

                    FOSTER & WOLKIND, P.C.

                By:_____s/_____
                   PETER B. FOSTER, ESQ. (PF 0851)
                   Attorneys for Plaintiff
                   150 Street Corp.
                   80 Fifth Avenue, Suite 1401
                   New York, New York 10011-8002
                   (212) 691-2313
                   pfoster@foster-wolkind.com