PITTA & DREIER LLP
499 Park Avenue
New York, NY 10022
(212) 652-3890
BRUCE COOPER (BC 2764)
JANE LAUER BARKER (JB 5436)
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
– – – – – – – – – – – – – – – – – – – – – – – – – – –x
                                           :
150 STREET CORP.,                          :    Case No. 08 CV 1540 (GBD) (KNF)
                                           :
            Plaintiff,                     :
                                           :
          - against -                      :
                                           :
LOCAL 272 WELFARE FUND,                    :    DECLARATION OF
                                           :    JANE LAUER BARKER
            Defendant.                     :
                                           :
– – – – – – – – – – – – – – – – – – – – – – – – – – –x
```

I, Jane Lauer Barker, under penalty of perjury and in lieu of affidavit as permitted by U.S.C. § 1746, declare as follows:

1.      I am an attorney and a member of the firm Pitta & Dreier LLP, attorneys for defendant Local 272 Welfare Fund (the "Fund").

2.      The purpose of this Declaration is to put before the Court documents and facts in opposition to the motion of plaintiff 150 Street Corp. ("plaintiff") for leave to amend its complaint to add Stanley J. Zawada, D.P.M. ("Zawada") as a party plaintiff.

3.      Plaintiff has not provided to the Court a copy of a proposed amended complaint and, for that reason alone, the motion should be dismissed.

4.      Annexed hereto as Exhibit "A" is the Summons and Complaint filed on February 6, 2008 in the New York State Supreme Court, New York County.

{00368828.DOC;}

5.    By Notice of Removal filed on May 12, 2008, this action was removed to this Court on the ground that the complaint is founded on a claimed right as to which federal law, the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA") completely preempts state law.  A copy of the Notice of Removal is annexed hereto as Exhibit "B."

6.    The Fund served and filed its Answer on February 25, 2008.

7.    The Fund is an "employee welfare benefit plan" ("the Plan") within the meaning of Section 3(1) of ERISA, 29 U.S.C. Section 1002(1). (See, Complaint ¶ 2). The Fund provides, *inter alia*, medical benefits to workers of employers who have agreed, pursuant to collective bargaining agreements with Teamsters Local 272, to contribute to the Fund.

8.    The Fund, pursuant to Plan documents, receives claims for medical benefits from, and on behalf of, participants or beneficiaries of the Fund, renders determinations regarding benefits due under the terms of the Fund's Plan, and pays benefits to the participants or beneficiaries or to health care providers, as the case may be.

9.    As alleged in the Complaint, between April 16, 2004 and on or about April 21, 2006, plaintiff provided medical and podiatric services to Jorge Davalos and Cecilia Davalos, who are alleged to be participants and beneficiaries of the Fund. (Complaint ¶¶ 5-6, 8).

10.    Further, as alleged in the Complaint, Jorge Davalos assigned to plaintiff all of his right and interest to receive payment and/or reimbursement from the Fund for services provided to Jorge Davalos and Cecilia Davalos.  (Complaint ¶ 10).

11.    As alleged in the Complaint, plaintiff filed claims for payment from the Fund for services rendered by plaintiff to Jorge Davalos and Cecilia Davalos.  (Complaint ¶ 11).

12.    The Fund denied and partially denied certain claims filed by plaintiff on various grounds.

13.    As alleged in the Complaint, the rights of Jorge Davalos and Cecelia Davalos to payment of medical benefits from the Fund were assigned to plaintiff, and the Complaint does not allege that any of their rights were assigned to Zawada.  As set forth in the accompanying Memorandum of Law, Zawada lacks standing to sue the Fund. Therefore, because an amendment of the Complaint adding Zawada as a party plaintiff would be futile, the motion should be denied.

WHEREFORE, declarant requests that the Court deny plaintiff's motion for leave to amend the complaint.

Dated: New York, New York
       July 3, 2008

JANE LAUER BARKER (JB 5436)

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x

150 STREET CORP.,                                                        Index No. 600347/08

                                              Plaintiff,         :

              -against -                                         :         **SUMMONS**

LOCAL 272 WELFARE FUND,                                         :

                                              Defendant.   :
------------------------------------------------------------x

TO THE ABOVE NAMED DEFENDANT:

       **YOU ARE HEREBY SUMMONED** and required to serve upon plaintiff's attorney
an answer to the complaint in this action within twenty (20) days after service of this
summons, exclusive of the day of service, or within thirty (30) days after the service is
complete if this summons is not personally delivered to you within the State of New
York. In case of your failure to answer, judgment will be taken against you by default for
the relief demanded in the Complaint.

       The basis for the venue designated is defendant's principal place of business
located at 220 East 23rd Street, New York, New York 10010.

Dated: New York, New York
       February 4, 2008

                                              FOSTER & WOLKIND, P.C.

                                              By: _____
                                              PETER B. FOSTER, ESQ.
                                              Attorney for Plaintiff
                                              150 Street Corp.
                                              80 Fifth Avenue, Suite 1401
                                              New York, New York 10011-8002
                                              (212) 691-2313

┌─────────────────────────────────┐
│   NEW YORK COUNTY CLERK          │
│          **FILED**               │
│      FEBRUARY 6, 2008            │
└─────────────────────────────────┘

<u>Defendant's Address</u>:
Local 272 Welfare Fund
220 East 23rd Street
New York, New York 10010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x
150 STREET CORP.,                                                              Index No.

                                                     Plaintiff,         :

                  -against -                                            :          **COMPLAINT**

LOCAL 272 WELFARE FUND,                                                 :

                                                     Defendant.    :
------------------------------------------------------------------x

      Plaintiff, 150 Street Corp. (hereinafter the "Provider"), by its attorney, Foster &
Wolkind, P.C., as and for its complaint against defendant, Local 272 Welfare Fund
(hereinafter the "Fund"), respectfully alleges as follows:

      1. At all relevant times mentioned herein, the Provider was and still is a
corporation organized and existing under and by residing within the State of New York
at 12-57 150th Street, Whitestone, New York 11357.

      2. At all relevant times mentioned herein, the Fund was and still is a "welfare"
plan under ERISA established for the welfare and benefit of its participants, with offices
located at 220 East 23rd Street, New York, New York 10010.

      3. At all relevant times mentioned herein, the Fund was and still is designed to
and obligated to provide certain medical insurance benefits, including podiatric
insurance benefits, to its participants and their dependents.

4. At all relevant times mentioned herein, Jorge Davalos was and still is an individual residing within the State of New York at 150 40 20th Avenue, Whitestone, New York 11357.

5. At all relevant times mentioned herein, Jorge Davalos was and still is a participant in the Fund, and was and still is eligible to receive medical insurance benefits, including podiatric insurance benefits, from the Fund.

6. At all relevant times mentioned herein, Cecilia Davalos was and still is a dependent of Jorge Davalos, and was and still is eligible to receive medical insurance benefits, including podiatric insurance benefits, from the Fund.

## AS AND FOR A FIRST CAUSE OF ACTION

7. Plaintiff repeats and realleges each and every allegation contained in paragraphs one through six above as if fully set forth at length herein.

8. On or about April 16, 2004 though on or about April 21, 2006, and pursuant to an agreement or agreements by and between the Fund and Jorge Davalos, the Provider did provide and supply Jorge Davalos with medical and podiatric services (hereinafter the "Services") at Jorge Davalos' specific request, at an agreed price of $51,271.75.

9. Pursuant to the terms of a collective bargaining agreement, The Fund promised to pay and/or reimburse Jorge Davalos for the Services which were provided

2

to Jorge Davalos and Cecilia Davolos by the Provider, but has failed to date to pay and/or reimburse Jorge Davalos for same despite demand that it do so.

10. The Jorge Davalos has assigned to the Provider all of his right and interest to receive payment and/or reimbursement from the Fund for the Services provided to Jorge Davalos and Cecilia Davolos by the Provider.

11. Within ninety days of furnishing the Services, The Provider filed written claims and demanded payment and reimbursement from the Fund for Services provided by the Provider to Jorge Davalos and Cecilia Davolos, but the Fund has failed and refused to pay and/or reimburse the Provider for the Services rendered within thirty .

12. By reason of the foregoing, the Fund has breached its agreement with Jorge Davalos and the Provider to pay for the Services, and the Provider has been damaged thereby, and there is now due and owing from the Fund to the Provider the sum of $51,271.75, plus interest thereon from the date that the Services were rendered.

## AS AND FOR A SECOND CAUSE OF ACTION

13. Plaintiff repeats and realleges each and every allegation contained in paragraphs one through twelve above as if fully set forth at length herein.

14. On or about April 16, 2004 though on or about April 21, 2006, plaintiff did, in reasonable reliance upon Jorge Davalos' participation in the Fund, and in reliance upon

3

the assignment of Jorge Davalos' right to receive payment and/or reimbursement from the Fund, provide Jorge Davalos with the Services having a reasonable value of $51,271.75.

15. The Fund received the benefit of the Services provided by the Provider

16. The Fund has failed and refused to pay and/or reimburse the Provider for the reasonable value of the Services provided by the Provider despite demand that it do so.

17. By reason of the foregoing, the Provider has been damaged by the Fund, and there is now due and owing from the Fund to the Provider the sum of $51,271.75, plus interest thereon from the date that the Services were rendered.

## AS AND FOR A THIRD CAUSE OF ACTION

18. Plaintiff repeats and realleges each and every allegation contained in paragraphs one through twelve above as if fully set forth at length herein.

19. The Fund, being indebted to plaintiff in the sum of $51,271.75 on accounts stated between them, did promise to pay the Provider said amount on demand.

20. Payment has been demanded by the Provider but has not yet been made by the Fund, and no objection has been made to the accounts stated.

4

21. By reason of the foregoing, there is now due and owing from defendant to plaintiff the sum of $51,271.75, plus interest thereon from the dates of the respective accounts stated.

WHEREFORE, plaintiff demands judgment against defendant as follows:

a) on its first cause of action in the sum of $51,271.75, plus interest thereon from the date that the Services were rendered;

b) on its second cause of action the sum of $51,271.75, plus interest thereon from the date that the Services were rendered;

c) on its third cause of action in the sum of $51,271.75, plus interest thereon from the dates of the respective accounts stated;

d) for interest, costs, and disbursements of this action; and

e) such other and further relief which this Court deems just proper.

Dated: New York, New York
       February 4, 2008

FOSTER & WOLKIND, P.C.

By: _____
    PETER B. FOSTER, ESQ.
    Attorney for Plaintiff
    150 Street Corp.
    80 Fifth Avenue, Suite 1401
    New York, New York 10011-8002
    (212) 691-2313

# EXHIBIT B

PITTA & DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 652-3890
BRUCE COOPER (BC 2764)
JANE LAUER BARKER (JB 5436)
*Attorneys for Defendant Local 272 Welfare Fund*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

150 STREET CORP.,

           Plaintiff,

                - against -

LOCAL 272 WELFARE FUND,

           Defendant.

---

**NOTICE OF REMOVAL**

Civil Action No.

Defendant, LOCAL 272 WELFARE FUND (the "Fund"), by its attorneys, Pitta & Dreier LLP, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.      The Fund submits this notice of removal pursuant to 28 U.S.C. §§ 1331, 1441 (b) and 1446 to remove the above-referenced civil action to this Court from the Supreme Court of the State of New York, County of New York, on the ground that the action is founded on a claimed right arising under federal law as to which federal law completely preempts state law.

{00329159.DOC;}

## STATEMENT OF GROUNDS FOR REMOVAL

2.    This Court has original jurisdiction of this action pursuant to sections 502(a), (e) and (f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. Section 1132(a), (e) and (f).

3.    Pursuant to 28 U.S.C. § 1446(b), this notice of removal is timely as it is filed within 30 days after the receipt by the Fund of a copy of the Summons and Complaint on or about February 12, 2008.  A copy of the Summons and Complaint is annexed hereto as Exhibit "A".

4.    Venue is proper in this district court pursuant to 28 U.S.C. § 1446(a) as this action is pending in the County of New York which is within the Southern District of New York.

5.    The Fund is administered by a Board of Trustees composed of an equal number of employer and employee representatives as required by Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5).

6.    As is alleged in the Complaint, the Fund maintains an "employee welfare benefit plan" ("the plan") as defined in Section 3(1) of ERISA, 29 U.S.C. Section 1002(1).  The Fund's plan provides, inter alia, medical benefits to workers of employers who have agreed, pursuant to collective bargaining agreements with Teamsters Local 272 to contribute to the Fund.  (Complaint, ¶ ¶ 2-3).

7.    The Fund, pursuant to Plan documents, receives claims for medical benefits from participants or beneficiaries of the Fund and renders determinations regarding benefits due under the terms of the Fund's Plan.

8.    Plaintiff alleges to have provided medical and podiatric services to a participant of the Fund, Jorge Davalos, and a dependent of Davalos, Cecelia Davalos, from on or about April 16, 2004 through on or about April 21, 2006. (Complaint, ¶ 8).

9.    Pursuant to an alleged assignment, plaintiff is alleged to have submitted claims for benefits to the Fund. (Complaint, ¶ 11). The Complaint alleges that the Fund failed to pay plaintiff for the alleged medical and podiatric services rendered to Jorge Davalos and Cecelia Davalos and is allegedly indebted to plaintiff in the amount of $51,271.75. (Complaint, ¶ 12).

10.    Plaintiff's claims arise under section 502(a)(1)(B) of ERISA which provides that a participant or beneficiary of an employee welfare benefit plan covered by ERISA may bring a civil action to "recover benefits due...under the terms of [the] plan, ...." 29 U.S.C. § 1132(a)(1)(B).

11.    Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132 (a)(1)(B) completely preempts state common law and statutory claims for benefits due under the terms of employee welfare benefit plans. Pilot Life Insurance Company v. Dedeaux, 481 U.S. 41 (1987).

12.    Because Section 502(a)(1)(B) of ERISA, completely preempts state common law or statutory claims to recover benefits due from employee welfare benefit plans, such claims are necessarily federal in character. Therefore, plaintiff's complaint arises under federal law within the meaning of 28 U.S.C. § 1331 and 1441(b). Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

WHEREFORE, removal of Plaintiff's complaint to this Court is proper pursuant

to 28 U.S.C. § 1331 and 1441(b).

Dated: February 14, 2008
       New York, New York

                                    Respectfully submitted,

                                    PITTA & DREIER LLP
                                    *Attorneys for Defendant Local 272*
                                    *Welfare Fund*

                                    By: _____
                                          Jane Lauer Barker (JB 5436)
                                    499 Park Avenue
                                    New York, New York  10022
                                    (212) 652-3890

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x
150 STREET CORP.,

                             Plaintiff,    :

            -against -                 :

LOCAL 272 WELFARE FUND,

                          Defendant.  :
------------------------------------------------------------------x

Index No. 600347/08

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

    **YOU ARE HEREBY SUMMONED** and required to serve upon plaintiff's attorney an answer to the complaint in this action within twenty (20) days after service of this summons, exclusive of the day of service, or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

    The basis for the venue designated is defendant's principal place of business located at 220 East 23rd Street, New York, New York 10010.

Dated: New York, New York
        February 4, 2008

                      FOSTER & WOLKIND, P.C.

                      By: _____
                        PETER B. FOSTER, ESQ.
                      Attorney for Plaintiff
                      150 Street Corp.
                      80 Fifth Avenue, Suite 1401
                      New York, New York 10011-8002
                      (212) 691-2313

NEW YORK COUNTY CLERK
**FILED**
FEBRUARY 6, 2008

<u>Defendant's Address</u>:
Local 272 Welfare Fund
220 East 23rd Street
New York, New York 10010

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------x
150 STREET CORP.,                                                           Index No.

                               Plaintiff,            :

            -against -                                    :          **COMPLAINT**

LOCAL 272 WELFARE FUND,                                          :

                       Defendant.    :
---------------------------------------------------------------x

      Plaintiff, 150 Street Corp. (hereinafter the "Provider"), by its attorney, Foster & Wolkind, P.C., as and for its complaint against defendant, Local 272 Welfare Fund (hereinafter the "Fund"), respectfully alleges as follows:

      1. At all relevant times mentioned herein, the Provider was and still is a corporation organized and existing under and by residing within the State of New York at 12-57 150th Street, Whitestone, New York 11357.

      2. At all relevant times mentioned herein, the Fund was and still is a "welfare" plan under ERISA established for the welfare and benefit of its participants, with offices located at 220 East 23rd Street, New York, New York 10010.

      3. At all relevant times mentioned herein, the Fund was and still is designed to and obligated to provide certain medical insurance benefits, including podiatric insurance benefits, to its participants and their dependents.

4. At all relevant times mentioned herein, Jorge Davalos was and still is an individual residing within the State of New York at 150 40 20ᵗʰ Avenue, Whitestone, New York 11357.

5. At all relevant times mentioned herein, Jorge Davalos was and still is a participant in the Fund, and was and still is eligible to receive medical insurance benefits, including podiatric insurance benefits, from the Fund.

6. At all relevant times mentioned herein, Cecilia Davalos was and still is a dependent of Jorge Davalos, and was and still is eligible to receive medical insurance benefits, including podiatric insurance benefits, from the Fund.

## AS AND FOR A FIRST CAUSE OF ACTION

7. Plaintiff repeats and realleges each and every allegation contained in paragraphs one through six above as if fully set forth at length herein.

8. On or about April 16, 2004 though on or about April 21, 2006, and pursuant to an agreement or agreements by and between the Fund and Jorge Davalos, the Provider did provide and supply Jorge Davalos with medical and podiatric services (hereinafter the "Services") at Jorge Davalos' specific request, at an agreed price of $51,271.75.

9. Pursuant to the terms of a collective bargaining agreement, The Fund promised to pay and/or reimburse Jorge Davalos for the Services which were provided

to Jorge Davalos and Cecilia Davolos by the Provider, but has failed to date to pay and/or reimburse Jorge Davalos for same despite demand that it do so.

10. The Jorge Davalos has assigned to the Provider all of his right and interest to receive payment and/or reimbursement from the Fund for the Services provided to Jorge Davalos and Cecilia Davolos by the Provider.

11. Within ninety days of furnishing the Services, The Provider filed written claims and demanded payment and reimbursement from the Fund for Services provided by the Provider to Jorge Davalos and Cecilia Davolos, but the Fund has failed and refused to pay and/or reimburse the Provider for the Services rendered within thirty .

12. By reason of the foregoing, the Fund has breached its agreement with Jorge Davalos and the Provider to pay for the Services, and the Provider has been damaged thereby, and there is now due and owing from the Fund to the Provider the sum of $51,271.75, plus interest thereon from the date that the Services were rendered.

## AS AND FOR A SECOND CAUSE OF ACTION

13. Plaintiff repeats and realleges each and every allegation contained in paragraphs one through twelve above as if fully set forth at length herein.

14. On or about April 16, 2004 though on or about April 21, 2006, plaintiff did, in reasonable reliance upon Jorge Davalos' participation in the Fund, and in reliance upon

3

the assignment of Jorge Davalos' right to receive payment and/or reimbursement from the Fund, provide Jorge Davalos with the Services having a reasonable value of $51,271.75.

15. The Fund received the benefit of the Services provided by the Provider

16. The Fund has failed and refused to pay and/or reimburse the Provider for the reasonable value of the Services provided by the Provider despite demand that it do so.

17. By reason of the foregoing, the Provider has been damaged by the Fund, and there is now due and owing from the Fund to the Provider the sum of $51,271.75, plus interest thereon from the date that the Services were rendered.

## AS AND FOR A THIRD CAUSE OF ACTION

18. Plaintiff repeats and realleges each and every allegation contained in paragraphs one through twelve above as if fully set forth at length herein.

19. The Fund, being indebted to plaintiff in the sum of $51,271.75 on accounts stated between them, did promise to pay the Provider said amount on demand.

20. Payment has been demanded by the Provider but has not yet been made by the Fund, and no objection has been made to the accounts stated.

4

21. By reason of the foregoing, there is now due and owing from defendant to plaintiff the sum of $51,271.75, plus interest thereon from the dates of the respective accounts stated.

WHEREFORE, plaintiff demands judgment against defendant as follows:

a) on its first cause of action in the sum of $51,271.75, plus interest thereon from the date that the Services were rendered;

b) on its second cause of action the sum of $51,271.75, plus interest thereon from the date that the Services were rendered;

c) on its third cause of action in the sum of $51,271.75, plus interest thereon from the dates of the respective accounts stated;

d) for interest, costs, and disbursements of this action; and

e) such other and further relief which this Court deems just proper.

Dated: New York, New York
       February 4, 2008

FOSTER & WOLKIND, P.C.

By: _____
    PETER B. FOSTER, ESQ.
    Attorney for Plaintiff
    150 Street Corp.
    80 Fifth Avenue, Suite 1401
    New York, New York 10011-8002
    (212) 691-2313

PITTA & DREIER LLP
499 Park Avenue
New York, New York 100232
(212) 652-3890
BRUCE COOPER (BC 2764)
JANE LAUER BARKER (JB 5436)
*Attorneys for Defendant Local 272 Welfare Fund*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

150 STREET CORP.,                              Index No.

        Plaintiff,                            **AFFIDAVIT OF SERVICE**

        - against -

LOCAL 272 WELFARE FUND,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK      )
                         s.s.
COUNTY OF NEW YORK   )

      MICHELLE WILLIAMS, being duly sworn, deposes and says:

      That deponent is not a party to this action, is over eighteen years of age and resides in North Brunswick, New Jersey.

      That on the **14th day of February, 2008** deponent served by regular mail the within **NOTICE OF REMOVAL** thereof upon:

          **FOSTER & WOLKIND, P.C.**
          ***Attorneys for Plaintiff***
          **80 Fifth Avenue, Suite 1401**
          **New York, New York 10011-8002**

                            Michelle Williams

Sworn to before me this
14th day of February 2008

Notary Public

Jane L. Barker
Notary Public, State of New York
No. 02BA6144861
Qualified in Westchester County
Commission Expires May 1, 20__