UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
150 STREET CORP.,                           :   Case No. 08 CV 1540 (GBD) (KNF)
:
Plaintiff,                      :
:
- against -                         :
:
LOCAL 272 WELFARE FUND,                     :
:
Defendant.                      :
:
------------------------------------------------------------x

DEFENDANT'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO AMEND THE COMPLAINT

PITTA & DREIER LLP
499 Park Avenue
New York, New York  10022
(212) 652-3828

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................1

STATEMENT OF FACTS ........................................................................................1

ARGUMENT..............................................................................................................2

      POINT I   LEAVE TO AMEND SHOULD NOT BE GRANTED........................2

            A.  Legal Standard ............................................................................2
            B.  Amendment of the Complaint Would be Futile .........................3

CONCLUSION...........................................................................................................5

## PRELIMINARY STATEMENT

Defendant Local 272 Welfare Fund (the "Fund" or "defendant") hereby submits this memorandum of law in opposition to the motion of plaintiff 150 Street Corp. ("plaintiff") for leave to amend its complaint to add Stanley J. Zawada ("Zawada") as a party plaintiff.

## STATEMENT OF FACTS

The Fund is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* (Complaint ¶ 2; Declaration of Jane Lauer Barker ("Barker Decl.") ¶ 6)). The Fund provides, inter alia, medical benefits to workers of employers who have agreed, pursuant to collective bargaining agreements with Teamsters Local 272, to contribute to the Fund. (Barker Decl. ¶ 7). The Fund, pursuant to Plan documents, receives claims for medical benefits from, and on behalf of, participants or beneficiaries of the Fund, renders determinations regarding benefits due under the terms of the Fund's plan, and pays benefits to the participants or beneficiaries or to health care providers, as the case may be. (Barker Decl. ¶ 8).

As alleged in the Complaint, between April 16, 2004 and on or about April 21, 2006, plaintiff provided medical and podiatric services to Jorge Davalos and Cecilia Davalos, who are alleged to be participants or beneficiaries of the Fund. (Complaint ¶¶ 5-6, 8). Further, as alleged in the Complaint, Jorge Davalos assigned to plaintiff all of his right and interest to receive payment and/or reimbursement from the Fund for services provided to Jorge Davalos and Cecilia Davalos. (Complaint ¶ 10).

As alleged in the Complaint, plaintiff filed claims for payment from the Fund for services rendered by plaintiff to Jorge Davalos and Cecilia Davalos. (Complaint ¶ 11). The Fund denied and partially denied certain claims filed by plaintiff on various grounds. (Barker Decl. ¶ 12).

# ARGUMENT

## I
## LEAVE TO AMEND SHOULD NOT BE GRANTED

Plaintiff's motion for leave to amend the Complaint should not be granted because Zawada lacks standing to sue the Fund and, therefore, the amendment would be futile.

### A.   Legal Standard

Whether leave to amend the complaint should be granted is within the sound discretion of the district court. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971). Under Fed. R. Civ. P. Rule 15(a), leave to amend "shall be freely given when justice so requires." "Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend." *Roffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir. 1993) (*per curiam*).

One appropriate basis for denying leave to amend is that the proposed amendment is futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); see, *Nechis v. Oxford Health Plans, Inc.,* 421 F. 3d 96, 104 (no abuse of discretion in denying leave to amend because plaintiff lacked standing to sue); *Oneida Indian Nation of New York v. City of Sherrill, New York,* 337 F.3d 139, 168-69 (2d Cir. 2003) (denial of leave upheld where amendment cannot withstand a motion to dismiss); *Lucente v. Intern'l Business Machines Corp.,* 310 F.3d 243, 260 (2d Cir. 2002) (denial of leave upheld where theory of recovery barred by substantive law); *Jones v. New York State Division of Military and Naval Affairs,* 166 F. 3d 45, 49 (2d Cir. 1999) (denial of leave to add party upheld because plaintiff had no viable claim for relief against individual).

B.   **Amendment of the Complaint Would be Futile**

As applied to this case, the well-established law in this Circuit compels the conclusion that plaintiff's motion for leave to amend to add Zawada as a party plaintiff should be denied as futile because he lacks standing to sue.[1]

Defendant removed this case from state court on the ground that plaintiff's state claims are preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.* While federal preemption of a state law cause of action is ordinarily a federal defense to a plaintiff's lawsuit, in the case of state law claims falling with the scope of the civil enforcement provisions of Section 502 of ERISA, 29 U.S.C. § 1132, Congress has manifested its intent that such claims be removable, on the ground that such claims are of necessity federal in character for purposes of 28 U.S.C. § 1331. *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004); *Plumbing Industry Board v. E.W. Howell Co., Inc.*, 126 F.3d 61, 66 (2d Cir. 1997).

Under Section 502(a)(1) of ERISA, a civil action may be brought "by a participant, beneficiary, or fiduciary ... (B) recover benefits due to him under the terms of his plan...." 29 U.S.C. § 1132(a)(1). A "beneficiary" is defined as a "person designated by a participant, or by the terms of an employee benefit plan, who is or may be entitled to a benefit thereunder." 29 U.S.C. § 1002(8). A "participant" is defined as "any employee or former employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). The Supreme Court has construed Section 502 of ERISA narrowly to permit only the

---

[1] Plaintiff has not provided a proposed amended complaint and, on that ground alone, the motion should be denied.

enumerated parties to sue directly for relief. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1 (1983); see, *Simon v. General Electric Co.,* 263 F.3d 176, 177 (2d Cir. 2001).

The Second Circuit has carved out a single narrow exception to this strict standing requirement to permit standing only to health care providers to whom a beneficiary has assigned his or her claim in exchange for health care. *I.V. Services of America, Inc. v. Trustees of Am. Consulting Eng'rs Council Ins. Trust Fund,* 136 F.3d 114, 117 fn. 2 (2d Cir. 1998).

Plaintiff's complaint alleges that plaintiff, 150 Street Corp., has been assigned all of the rights and interests to receive payment from the Fund for services rendered to Jorge Davalos and Cecilia Davalos. (Complaint ¶ 10). Zawada is not alleged to be either a participant or a beneficiary of the Fund, and the Complaint does not allege him to be the assignee. There can be only one assignee of the rights of the alleged participants and beneficiaries. *Simon v. General Electric Company,* 263 F.3d 176 (assignee of assignee does not have standing to sue); see also, *Simon v. Value Behavioral Health, Inc.,* 208 F.3d 1073, 1081 (9th Cir. 2000) (granting plaintiff standing "would be tantamount to transforming health benefit claims into a freely tradable commodity"). Thus, Zawada has no standing to sue the Fund and amendment of the Complaint to add him as a party plaintiff would be futile.

## CONCLUSION

For all of the foregoing reasons, the Fund respectfully urges that the Court deny the motion for leave to amend the Complaint.

Dated: July 3, 2008
      New York, New York

                                    Respectfully submitted,

                                    PITTA & DREIER LLP
                                    *Attorneys for Defendant*

                                    By: /s/ Jane Lauer Barker
                                         Jane Lauer Barker (JB 5436)
                                  499 Park Avenue
                                  New York, NY 10022
                                  (212) 652-3890 (telephone)
                                  (212) 652-3891 (facsimile)