FOSTER & WOLKIND, P.C.
80 Fifth Avenue, Suite 1401
New York, New York 10011
(212) 691-2313
PETER B. FOSTER (PBF 0851)
STEWART WOLF (SW 8655)
*Attorneys for Plaintiff 150 Street Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x
150 STREET CORP.,                                                    08-CV-1540
                                                  :                  (GBD) (KNF)
                              Plaintiff,
         -against -                               :
                                                                     **AFFIRMATION**
LOCAL 272 WELFARE FUND,                           :                  **IN REPLY**

                              Defendant.          :
--------------------------------------------------------------------------------x

   PETER B. FOSTER, ESQ., being an attorney duly admitted to practice law in the courts of the State of New York, affirms under the penalty of perjury pursuant to the CPLR that the following facts are true:

   1. I am a member of the law firm of Foster & Wolkind, P.C., the attorneys for the plaintiff in this action, 150 Street Corp., I am over eighteen years of age and am fully familiar with all of the facts and proceedings heretofore had herein.

   2. I make this affirmation in reply to the defendant's opposition papers and in further support of the plaintiff's instant motion for leave: (i) to amend its summons and complaint in the instant action; (ii) to add Stanley J. Zawada, D.P.M. (hereinafter "Zawada") as a co-plaintiff in the instant action, and (iii) for such other and further relief which this Court deems just and proper.

3. As the Court is well aware, this is an action which seeks to recover amounts which are due and owing by reason of medical services provided by prospective co-plaintiff Zawada which were billed by plaintiff 150 Street Corp. and not paid by the defendant as required.

4. Plaintiff 150 Street Corp. brings the instant motion to seek to amend its pleadings to add Dr. Zawada as a co-plaintiff to the instant action.

5. The defendant opposes this proposed amendment of the pleadings on two grounds, namely (i) that plaintiff 150 Street Corp. has failed to annex a copy of its proposed amended pleading to its moving papers, and that (ii) an amendment of the pleadings would be futile.

6. However, plaintiff 150 Street Corp. respectfully submits that neither of these contentions contain any merit whatsoever, and that the Court should grant plaintiff 150 Street Corp.'s motion in its entirety.

**Plaintiff 150 Street Corp. Did Annex A Proposed**
**Amended Complaint To Its Moving Papers**

7. While the defendant's opposition papers allege that the Court should deny the instant motion because the "Plaintiff has not provided to the Court a copy of a proposed amended complaint," (see July 3, 2008 Declaration of Jane Lauer Barker at ¶ 3), such an averment is wholly without merit.

8. As can be seen by a copy of the docket report in this action downloaded from PACER which is annexed hereto as Exhibit "1" and made a part hereof, a proposed amended complaint was annexed to plaintiff 150 Street Corp.'s moving papers as Exhibit "5" to the Affirmation of Peter B. Foster, Esq. For the Court's convenience, a copy of said proposed amended complaint is also annexed hereto as Exhibit "2" and made a part hereof.

9. Accordingly, the proposed amended complaint has been before the Court from the inception of the instant motion, and as such, the Court should not deny plaintiff 150 Street Corp.'s motion on that basis.

**The Proposed Amendments Would Not Be Futile**

10. The defendant contends that plaintiff 150 Street Corp. should not be permitted to amend its complaint to add Dr. Zawada as a party plaintiff since such an amendment would be futile.

11. However, since the proposed amendment of the pleadings will allow the proper parties in interest to have their rightful causes of action decided by this Court, the proposed amendments are clearly not futile.

12. First, as the Court is well aware,

> Rule 15(a) of the Federal Rules of Civil Procedure specifies that courts should "freely give leave" to amend "when justice so requires." … **[S]uch leave is to be liberally granted** … If the underlying facts or circumstances relied upon by a plaintiff may be

3

> a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

Hodge v. Perilli, 2008 U.S. Dist. LEXIS 1726 at *5-*6 (S.D.N.Y. 2008) (internal citations omitted) (emphasis added).  See also, Bridgeport Music, Inc. v. Universal Music Group, Inc., 248 F.R.D. 408, 410 (S.D.N.Y. 2008) ("motions [to amend pleadings] are reviewed under the liberal standard applicable under Federal Rule of Procedure 15(a), which encourages permitting amendments of pleadings, as opposed to the more consequential standard of futility applied under Rule 12(b) by some courts in denying leave to amend").

13. In the instant matter, plaintiff 150 Street Corp. seeks to amend its complaint to add Dr. Zawada as a co-plaintiff in the instant action.

14. The defendant correctly points out that the Second Circuit is clear that in an action governed by ERISA, healthcare providers to whom a beneficiary has assigned his or her claim in exchange for healthcare **do** have standing to bring an action. See, e.g., I.V. Services of America, Inc. v. Trustees of Am. Consulting Eng'rs Council Ins. Trust Fund, 136 F.3d 114, 117 at footnote 2 (2d Cir. 1998),

15. As demonstrated by the undisputed evidence before this Court in plaintiff 150 Street Corp.'s moving papers and as pled in the proposed amended complaint:

4

    (i) Dr. Zawada is a podiatrist licensed to practice podiatric medicine and surgery in the State of New York;

    (ii) Dr. Zawada has authorized 150 Street Corp. to perform all of the billing and collection activities for Dr. Zawada's entire practice, including, *inter alia*, those in connection with the podiatric and/or medical services which were provided by Dr. Zawada to Jorge and Cecilia Davalos;

    (iii) Jorge and Cecilia Davalos have assigned to plaintiff 150 Street Corp. and Dr. Zawada all of their right and interest to receive payment and/or reimbursement from the defendant for the podiatric and/or medical services provided by Dr. Zawada;

    (iv) Between April 16, 2004 and April 21, 2006, at Jorge and Cecilia Davalos' request, Dr. Zawada provided various podiatric and/or medical services to and for the benefit of Jorge Davalos and Cecilia Davalos, which services had a reasonable value of $51,271.75.

16. While the defendant's opposition papers seem to intimate that Dr. Zawada is an assignee of the rights of 150 Street Corp. or vice versa, such a contention is simply untrue. Plaintiff 150 Street Corp. is the agent of Dr. Zawada, and the two of them collectively represent the healthcare provider to whom the Davaloses assigned the right to recover monies from the defendant for medical and/or podiatric services rendered upon the Davaloses.

17. By amending its pleadings, plaintiff 150 Street Corp. is merely attempting to ensure that the Court can focus on the core substantive issues of this litigation, i.e. what monies are due and owing from the defendant as compensation for the medical and podiatric services performed upon the Davaloses by Dr. Zawada, rather than the procedural road blocks constructed by the defendant to avoid payment of benefits that are justly due and owing.

18. Based upon the uncontroverted facts presented by the plaintiff to this Court, an amendment of the pleadings to include Dr. Zawada as a party plaintiff would not be futile, as he has standing to pursue causes of action under ERISA against the defendant by virtue of his status as a healthcare provider who was assigned the right to pursue payment from the defendant.

19. As such, for the reasons set forth herein, the plaintiff respectfully submits that the instant motion should be granted in its entirety.

WHEREFORE, plaintiff respectfully requests that the Court grant the instant motion in its entirety, that the Court grant plaintiff leave to amend its pleadings and add Stanley J. Zawada, D.P.M. as a co-plaintiff to the instant action, and that the Court grant the plaintiff such other and further relief as this Court deems just and proper.

Dated: New York, New York
       July 10, 2008

                                        FOSTER & WOLKIND, P.C.

                                        By:_____s/_____
                                        PETER B. FOSTER, ESQ. (PF 0851)
                                        Attorneys for Plaintiff
                                        150 Street Corp.
                                        80 Fifth Avenue, Suite 1401
                                        New York, New York 10011-8002
                                        (212) 691-2313
                                        pfoster@foster-wolkind.com

# U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:08-cv-01540-GBD

| | |
|---|---|
| 150 Street Corp. v. Local 272 Welfare Fund | Date Filed: 02/14/2008 |
| Assigned to: Judge George B. Daniels | Jury Demand: None |
| Case in other court: Supreme Court-County of New York, 600347-08 | Nature of Suit: 791 Labor: E.R.I.S.A. |
| | Jurisdiction: Federal Question |
| Cause: 29:1132 E.R.I.S.A.-Employee Benefits | |

**Plaintiff**

**150 Street Corp.**   represented by **Peter B. Foster**
Foster & Wolkind, P.C.
80 Fifth Avenue
New York, NY 10011
(212) 691-2313
Fax: 212 691 2459
Email: pfoster@foster-wolkind.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Local 272 Welfare Fund**   represented by **Bruce Jay Cooper**
Pitta & Dreier LLP
499 Park Avenue
New York, NY 10022
(212) 652-3727
Fax: (212) 652-3891
Email: bcooper@pittadreier.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jane Lauer Barker**
Pitta & Dreier LLP
499 Park Avenue
New York, NY 10022
(212) 328-6100
Fax: (212) 328-6101
Email: jbarker@pittadreier.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|

| | | |
|---|---|---|
| 02/14/2008 | 1 | NOTICE OF REMOVAL from Supreme Court, County of New York. Case Number: 600347-08. (Filing Fee $ 350.00, Receipt Number 641249).Document filed by Local 272 Welfare Fund.(mbe) (mbe). (Entered: 02/19/2008) |
| 02/14/2008 | | Magistrate Judge Kevin N. Fox is so designated. (mbe) (Entered: 02/19/2008) |
| 02/14/2008 | | Case Designated ECF. (mbe) (Entered: 02/19/2008) |
| 02/14/2008 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Local 272 Welfare Fund.(mbe) (Entered: 02/19/2008) |
| 02/20/2008 | 3 | AFFIDAVIT OF SERVICE of Notice of Removal served on Clerk of the Court, Supreme Court of the State of New York, New York County, on February 14, 2008. Service was accepted by Clerk, Law & Equity Desk. Document filed by Local 272 Welfare Fund. (Barker, Jane) (Entered: 02/20/2008) |
| 02/20/2008 | 4 | AFFIDAVIT OF SERVICE of Notice of Removal served on Foster & Wolkind, P.C., Attorneys for Plaintiff, on February 14, 2008. Service was made by Mail. Document filed by Local 272 Welfare Fund. (Barker, Jane) (Entered: 02/20/2008) |
| 02/21/2008 | 5 | ORDER RE SCHEDULING AND INITIAL PRETRIAL CONFERENCE: If such a consent order is not filed within the time provided. Initial Conference set for 5/15/2008 at 09:30 AM in Courtroom 15D, 500 Pearl Street, New York, NY 10007 before Judge George B. Daniels. (Signed by Judge George B. Daniels on 2/20/2008) (jmi) (Entered: 02/21/2008) |
| 02/25/2008 | 6 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying None as Corporate Parent. No Corporate Parent. Document filed by Local 272 Welfare Fund.(Barker, Jane) (Entered: 02/25/2008) |
| 02/25/2008 | 7 | ANSWER to Complaint. Document filed by Local 272 Welfare Fund.(Barker, Jane) (Entered: 02/25/2008) |
| 02/26/2008 | 8 | AFFIDAVIT OF SERVICE of Answer served on 150 Street Corp. on February 25, 2008. Service was made by Mail. Document filed by Local 272 Welfare Fund. (Barker, Jane) (Entered: 02/26/2008) |
| 03/14/2008 | 9 | CASE MANAGEMENT PLAN:, SCHEDULING ORDER: Amended Pleadings due by 7/10/2008. Joinder of Parties due by 7/10/2008. Discovery due by 8/14/2008. Case Management Conference set for 9/11/2008 at 09:30 AM before Judge George B. Daniels. Motions due by 11/13/2008. Joint Pretrial Order due by 11/27/2008. Final Pretrial Conference set for 12/11/2008 at 09:30 AM before Judge George B. Daniels, Ready for Trial by 12/16/2008. (Signed by Judge George B. Daniels on 3/14/2008) (jmi) (Entered: 03/14/2008) |
| 06/12/2008 | 10 | FILING ERROR - DEFICIENT DOCKET ENTRY - MOTION to Amend/Correct *complaint and*., MOTION to Add Party(ies) Stanley J. Zawada, D.P.M..( Return Date set for 7/9/2008 at 09:30 AM.) Document filed by 150 Street Corp.. (Attachments: # 1 Affidavit of Stanley J. Zawada, # 2 Exhibit summons and complaint, # 3 Exhibit affidavit of service, # 4 Exhibit notice of removal, # 5 Exhibit answer, # 6 Exhibit proposed amended complaint)(Foster, Peter) Modified on 6/13/2008 (jar). (Entered: 06/12/2008) |
| 06/12/2008 | 11 | FILING ERROR - DEFICIENT DOCKET ENTRY - MEMORANDUM OF LAW in Support re: 10 MOTION to Amend/Correct *complaint and*. MOTION to Add Party(ies) Stanley J. Zawada, D.P.M.. MOTION to Add Party(ies) Stanley J. Zawada, D.P.M.. Document filed by 150 Street Corp. (Foster, Peter) Modified |

| | | |
|---|---|---|
| | | on 6/13/2008 (jar). (Entered: 06/12/2008) |
| 06/13/2008 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Peter Foster to RE-FILE Document 10 MOTION to Amend/Correct *complaint and*. MOTION to Add Party(ies) Stanley J. Zawada, D.P.M.. MOTION to Add Party(ies) Stanley J. Zawada, D.P.M. ERROR(S): Supporting documents must be filed individually. Use event code Affirmation in Support found under Replies, Oppositions, Supporting Documents. (jar) (Entered: 06/13/2008) |
| 06/13/2008 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Peter Foster to RE-FILE Document 11 Memorandum of Law in Support of Motion. ERROR(S): Link supporting document to correctly re-filed motion. (jar) (Entered: 06/13/2008) |
| 06/13/2008 | 12 | FILING ERROR - DEFICIENT DOCKET ENTRY - MOTION to Amend/Correct complaint and add party plaintiff. Document filed by 150 Street Corp. (Attachments: # 1 Affidavit affirmation of Peter B. Foster in support, # 2 Affidavit of Stanley J. Zawada, D.P.M., # 3 Exhibit summons and complaint, # 4 Exhibit affidavit of service, # 5 Exhibit Notice of Removal, # 6 Exhibit Answer, # 7 Exhibit proposed Amended Complaint)(Foster, Peter) Modified on 6/16/2008 (KA). (Entered: 06/13/2008) |
| 06/13/2008 | 13 | FILING ERROR - DEFICIENT DOCKET ENTRY - MEMORANDUM OF LAW in Support re: 12 MOTION to Amend/Correct complaint and add party plaintiff. Document filed by 150 Street Corp.. (Foster, Peter) Modified on 6/16/2008 (KA). (Entered: 06/13/2008) |
| 06/13/2008 | 14 | CERTIFICATE of Counsel by Peter B. Foster on behalf of 150 Street Corp.. Re: 13 Memorandum of Law in Support of Motion, 12 MOTION to Amend/Correct *complaint and add party plaintiff.. relating to service of motion and memorandum of law* (Foster, Peter) (Entered: 06/13/2008) |
| 06/13/2008 | 15 | CERTIFICATE OF SERVICE of motion and memorandum of law served on jbarker@pittadreier.com and bcooper@pittadreier.com on 06/13/2008. Service was accepted by Bruce Jay Cooper and Jane Lauer Barker. Document filed by 150 Street Corp.. (Foster, Peter) (Entered: 06/13/2008) |
| 06/16/2008 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Peter B. Foster to RE-FILE Document 12 MOTION to Amend/Correct complaint and add party plaintiff. ERROR(S): Should have select amend/correct event and also add party(ies) event to process this document. Supporting Affirmation and Affidavit must be filed individually. Event code located under Replies, Opposition and Supporting Document.(Example of how entry should appear for refiled motion: MOTION to Amend its summons in the instant action, MOTION to Add Party(ies) Stanley J. Zawada. Document filed by 150 Street Corp.) (KA) (Entered: 06/16/2008) |
| 06/16/2008 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Peter B. Foster to RE-FILE Document 13 Memorandum of Law in Support of Motion. ERROR(S): Link to incorrect filing of document #12. (KA) (Entered: 06/16/2008) |
| 06/16/2008 | 16 | MOTION to Amend/Correct., MOTION to Add Party(ies) Stanley J. Zawada, D.P.M.. Document filed by 150 Street Corp..(Foster, Peter) (Entered: 06/16/2008) |

| | | |
|---|---|---|
| 06/16/2008 | 17 | AFFIRMATION of Peter B. Foster, Esq. in Support re: 16 MOTION to Amend/Correct. MOTION to Add Party(ies) Stanley J. Zawada, D.P.M... Document filed by 150 Street Corp.. (Attachments: # 1 Exhibit summons and complaint, # 2 Exhibit proof of service, # 3 Exhibit Notice of Removal, # 4 Exhibit Answer, # 5 Exhibit proposed Amended Complaint)(Foster, Peter) (Entered: 06/16/2008) |
| 06/16/2008 | 18 | AFFIDAVIT of Stanley J. Zawada, D.P.M. in Support re: 16 MOTION to Amend/Correct. MOTION to Add Party(ies) Stanley J. Zawada, D.P.M... Document filed by 150 Street Corp.. (Foster, Peter) (Entered: 06/16/2008) |
| 06/16/2008 | 19 | MEMORANDUM OF LAW in Support re: 16 MOTION to Amend/Correct. MOTION to Add Party(ies) Stanley J. Zawada, D.P.M... Document filed by 150 Street Corp.. (Attachments: # 1 Exhibit answer)(Foster, Peter) (Entered: 06/16/2008) |
| 06/16/2008 | 20 | CERTIFICATE OF SERVICE of notice of motion, affirmation of Peter B. Foster, Esq., affidavit of Stanley J. Zawada, D.P.M., Exhibits and memorandum of Law served on LOCAL 272 WELFARE FUND on 06/16/2008. Service was accepted by Bruce Jay Cooper and Jane Lauer Barker, attorneys for defendant. Document filed by 150 Street Corp.. (Foster, Peter) (Entered: 06/16/2008) |
| 07/03/2008 | 21 | DECLARATION of Jane Lauer Barker in Opposition re: 16 MOTION to Amend/Correct. MOTION to Add Party(ies) Stanley J. Zawada, D.P.M... Document filed by Local 272 Welfare Fund. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Barker, Jane) (Entered: 07/03/2008) |
| 07/03/2008 | 22 | MEMORANDUM OF LAW in Opposition re: 16 MOTION to Amend/Correct. MOTION to Add Party(ies) Stanley J. Zawada, D.P.M... Document filed by Local 272 Welfare Fund. (Barker, Jane) (Entered: 07/03/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/08/2008 15:02:51 | | | |
| PACER Login: | pf0195 | Client Code: | Optional for PACER use only |
| Description: | Docket Report | Search Criteria: | 1:08-cv-01540-GBD |
| Billable Pages: | 3 | Cost: | 0.24 |

FOSTER & WOLKIND, P.C.
80 Fifth Avenue, Suite 1401
New York, New York 10011
(212) 691-2313
PETER B. FOSTER (PBF 0851)
STEWART WOLF (SW 8655)
*Attorneys for Plaintiffs 150 Street Corp.*
*and Stanley J. Zawada, D.P.M.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
150 STREET CORP. and STANLEY          :
J. ZAWADA, D.P.M.,                                            08-CV-1540
                                                              :   (GBD) (KNF)
                                          Plaintiffs,    :

         -against -                                      :
                                                              **AMENDED**
LOCAL 272 WELFARE FUND,               :   **COMPLAINT**

                                          Defendant.    :
-------------------------------------------------------------------------------x

Plaintiffs, 150 Street Corp. (hereinafter "150") and Stanley J. Zawada, D.P.M. (hereinafter "Zawada"), by their attorneys, Foster & Wolkind, P.C., as and for their complaint against the defendant, Local 272 Welfare Fund (hereinafter the "Fund"), respectfully allege as follows:

1. At all relevant times mentioned herein, plaintiff 150 was and still is a corporation organized and existing under the laws of the State of New York with a principal place of business within the State of New York located at 12-57 150th Street, Whitestone, New York 11357.

2. At all relevant times mentioned herein, plaintiff Zawada was and still is an individual resident of the State of New York with his principal place of business within the State of New York located at 12-57 150th Street, Whitestone, New York 11357.

3. At all relevant times mentioned herein plaintiff Zawada was and still is a podiatrist licensed to practice podiatric medicine and surgery in the State of New York.

4. At all relevant times mentioned herein plaintiff 150 was and still is authorized by co-plaintiff Zawada to perform all of the billing, collection and bookkeeping services for co-plaintiff Zawada with regard to his entire podiatric medical practice.

5. At all relevant times mentioned herein, the Fund was and still is a "welfare" plan under ERISA established for the welfare and benefit of its participants, with offices located at 220 East 23rd Street, New York, New York 10010.

6. At all relevant times mentioned herein, the Fund was and still is designed to and obligated to provide certain medical insurance benefits, including podiatric insurance benefits, to its participants and their dependents.

7. At all relevant times mentioned herein, Jorge Davalos was and still is an individual residing within the State of New York at 150-40 20th Avenue, Whitestone, New York 11357.

8. At all relevant times mentioned herein, Jorge Davalos was and still is a participant in the Fund, and was and still is eligible to receive medical insurance benefits, including podiatric insurance benefits, from the Fund.

9. At all relevant times mentioned herein, Cecilia Davalos was and still is a dependent of Jorge Davalos, and was and still is eligible to receive medical insurance benefits, including podiatric insurance benefits, from the Fund.

AS AND FOR A FIRST CLAIM FOR RELIEF

10. Plaintiffs repeat and reallege each and every allegation contained in paragraphs one through nine above as if fully set forth at length herein.

11. On or about April 16, 2004 though on or about April 21, 2006, and pursuant to an agreement or agreements by and between the Fund and Jorge Davalos, plaintiff Zawada did provide and supply Jorge Davalos and Cecelia Davalos with medical and podiatric services (hereinafter the "Services") at Jorge Davalos and or Cecelia Davalos' specific request, at an agreed price of $51,271.75.

12. Pursuant to the terms of a collective bargaining agreement, the Fund promised to pay and/or reimburse Jorge Davalos for the Services which were provided to Jorge Davalos and Cecelia Davolos by plaintiff Zawada, but has failed to date to pay and/or reimburse Jorge Davalos for same despite demand that it do so.

13. The plaintiffs sent invoices to the Fund and demanded payment from the Fund for medical and/or podiatric services provided by co-plaintiff Zawada to Jorge Davalos and Cecilia Davalos.

14. Jorge Davalos has assigned to the plaintiffs all of his right and interest to receive payment and/or reimbursement from the Fund for the Services provided to Jorge Davalos and Cecilia Davolos by co-plaintiff Zawada.

15. Within ninety (90) days of furnishing the Services, the plaintiffs filed written claims and demanded payment and reimbursement from the Fund for the Services provided by plaintiff Zawada to Jorge Davalos and Cecilia Davolos, but the Fund has failed to pay and/or reimburse the plaintiffs for the Services rendered within thirty (30) days of each respective invoice.

16. By reason of the foregoing, the Fund has breached its agreement with Jorge Davalos and the plaintiffs to pay for the Services, and the plaintiffs have been damaged thereby, and there is now due and owing from the Fund to the plaintiffs the sum of $51,271.75, plus interest thereon from the date that the Services were rendered.

AS AND FOR A SECOND CLAIM FOR RELIEF

17. Plaintiffs repeat and reallege each and every allegation contained in paragraphs one through sixteen above as if fully set forth at length herein.

18. On or about April 16, 2004 though on or about April 21, 2006, the plaintiffs did, in reasonable reliance upon Jorge Davalos' participation in the Fund, and in reliance upon the assignment of Jorge Davalos' right to receive payment and/or reimbursement from the Fund, provide Jorge Davalos and Cecelia Davalos with the Services having a reasonable value of $51,271.75.

19. The Fund received the benefit of the Services provided by the plaintiffs.

20. The Fund has failed to pay and/or reimburse the plaintiffs for the reasonable value of the Services provided by the plaintiffs despite demand that it do so.

21. By reason of the foregoing, the plaintiffs have been damaged by the Fund, and there is now due and owing from the Fund to the plaintiffs the sum of $51,271.75, plus interest thereon from the date that the Services were rendered.

## AS AND FOR A THIRD CLAIM FOR RELIEF

22. Plaintiffs repeat and reallege each and every allegation contained in paragraphs one through twenty-one above as if fully set forth at length herein.

23. The Fund, being indebted to the plaintiffs in the sum of $51,271.75 on accounts stated between them, did promise to pay the plaintiffs said amount on demand.

24. Payment has been demanded by the plaintiffs but has not yet been made by the Fund, and no objection has been made to the accounts stated.

25. By reason of the foregoing, there is now due and owing from the Fund to the plaintiffs the sum of $51,271.75, plus interest thereon from the dates of the respective accounts stated.

WHEREFORE, the plaintiffs demands judgment against the defendant as follows:

    a) on its first cause of action in the sum of $51,271.75, plus interest thereon from the date that the Services were rendered;

    b) on its second cause of action the sum of $51,271.75, plus interest thereon from the date that the Services were rendered;

    c) on its third cause of action in the sum of $51,271.75, plus interest thereon from the dates of the respective accounts stated;

    d) for interest, costs, and disbursements of this action; and

    e) such other and further relief which this Court deems just proper.

Dated: New York, New York
      June __, 2008

FOSTER & WOLKIND, P.C.

By:_____
PETER B. FOSTER, ESQ. (PF 0851)
Attorneys for the Plaintiffs
150 Street Corp. and
Stanley J. Zawada, D.P.M.
80 Fifth Avenue, Suite 1401
New York, New York 10011-8002
(212) 691-2313
pfoster@foster-wolkind.com